# Lunsford *v.* Dietrich.

*Trespass for Seizure and Destruction of Papers.*

1.  *General and special damages; error without injury.*—In trespass for the alleged illegal seizure and destruction of certain papers, being the plans and specifications for a building then being erected; the issue being whether the papers belonged to the plaintiff or to the defendant, and judgment on verdict being rendered for the defendant; the plaintiff can not complain of erroneous rulings by the court below on the pleadings and evidence, which denied his right to recover special damages, since he could not have been injured by such rulings.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

WARD & HEAD, for the appellant, cited 17 Pick. 78; 1 Sutherland on Damages, 19, 20, 24, 27.

R. H. PEARSON, *contra.*

SOMERVILLE, J.—The plaintiff in this action sued the defendant (the appellee) for wrongfully destroying certain papers, or plans and specifications for a building, which was in the process of construction by plaintiff in Birmingham, Ala. The defendant claimed that these papers were his property, and not the plaintiff's; and the main issue of fact on the trial seems to have been, which of the parties litigant, the plaintiff or the defendant, was entitled to the ownership of the papers. The jury found a verdict for the defendant, the necessary intendment of which is, that the property in controversy belonged to the defendant, and that he was guilty of no trespass in taking it. The judgment, based on this verdict, is certainly conclusive of the fact that the plaintiff was entitled to no damages whatever—not even to nominal damages, which necessarily follow the invasion or violation of every legal right, for it is settled that every legal injury must import a damage.—*Trustees of Howard College v. Turner,* 71 Ala. 429; s. c., 46 Amer. Rep. 326; 3 Brick. Dig. 293, § 1; 1 Sutherland Dam. 9.

In view of the foregoing consideration, it is apparent that

the plaintiff could not be entitled to recover for any *special damages*, incident to the alleged trespass, if there was in fact no trespass committed, or no wrongful act which would justify the recovery of any general damages, even nominal in their character.

No exception seems to have been taken to any ruling of the court, save as to questions involving the recovery of special damages on account of delay in the construction of the plaintiff's building, occasioned by the destruction of the plans and drawings, and for expenses incurred in obtaining new drawings. The court ruled out evidence bearing on these matters, and sustained the motion of defendant to strike out that part of the complaint making claim to these items of special damage.

These rulings, if error at all, were error without injury. The plaintiff could not recover special damages, we repeat, in the absence of any wrongful act whatever on the part of the defendant. If no nominal damages were recoverable, the inference is plain, that no legal injury could have been done by the alleged act of trespass; and if no legal injury was done, no special damages could possibly follow.

Affirmed.