| 89 | 401 |
| 93 | 353 |
| 89 | 401 |
| 95 | 146 |
| 89 | 401 |
| 96 | 415 |
| 97 | 273 |

# Capital City Water Co. v. National Meter Co.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Special damages; error without injury in rulings on pleadings.* In an action to recover the price of manufactured articles sold and delivered, a warranty and breach thereof being pleaded, a judgment on verdict for the plaintiff, for the full amount claimed, conclusively establishes that there was either no warranty, or no breach thereof; and the sustaining of a demurrer to a special plea, which sought to recoup or set off special damages on account of the alleged breach of warranty, if erroneous, could have worked no injury to the defendant.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

JONES & FALKNER, for appellant.

BRICKELL, SEMPLE & GUNTER, contra.

SOMERVILLE, J.—The suit is by the appellee, as plaintiff in the court below, for the price of a number of water-meters sold and delivered to the defendant. One of the counts in the complaint is for a stated account.

The only error assigned is the sustaining of the plaintiff's demurrers to the third and fourth pleas filed by the defendant. These pleas, each, aver a warranty by the vendor that the meters were accurate, durable, and not liable to corrosion. They seek to set off, or recoup against the plaintiff's claim, special damages, which are averred to have been sustained by the defendant as the proximate result of the breach of said warranty. These damages embrace the alleged value of a large quantity of water which was lost by inaccurate measurement, and the expense incurred in taking these defective meters out, and putting other suitable ones in the defendant's water-works.

[Davis v. Robert.]

Whether, upon the facts averred in the pleas, the damages claimed are the proximate and natural result of the alleged breach of warranty, we need not decide. It disposes of the case to say, that the damages claimed are *special;* that the record shows, without doubt, that the jury found for the plaintiff the full amount claimed, including both principal and interest; and, therefore, the judgment is conclusive of the fact that there was no breach of warranty of any kind, as alleged in the pleas. This is obvious in view of the fact, that the questions of a warranty or no warranty, and the alleged breach of warranty, were tried under other issues made by the pleadings. And the defendant, having gotten the benefit of such issues, can not claim to be prejudiced by the court's ruling on the demurrer, however erroneous.—*Gilman v. Jones,* 87 Ala. 704; *Calhoun v. Hannan,* Ib. 277. If there was no breach of warranty, which would justify the recovery either of nominal or general damages, there could not be any recovery for special damages. The case of *Lunsford v. Dietrich,* 85 Ala. 496, is conclusive of this case on this point, and requires an affirmance of the judgment.

.Affirmed.