[Sims v. Herzfeld.]

| 95 | 145 |
| 137 | 487 |

| 95 | 145 |
| 139 | 176 |

# Sims *v.* Herzfeld.

### *Action on Judgment.*

1. *Sufficiency of complaint; amendment.*—In an action on a judgment, properly describing it, additional averments as to the contract on which it is founded, are unnecessary and superfluous; and a count added by amendment, containing a fuller description of the contract, is not a departure, nor objectionable as effecting a misjoinder.

2. *Conclusiveness of judgment.*—A judgment is conclusive of all matters which might have been urged as defenses against its rendition, and such matters are not available in defense of an action on it.

3. *Error without injury in rulings on pleadings.*—Sustaining a demurrer to a special plea, if erroneous, is error without injury, when the record shows that the defendant had the full benefit of the same defense under another special plea, on which issue was joined.

4. *Plea of failure of consideration.*—A plea of failure of consideration, not stating the facts, is demurrable on that account, when not pleaded "in short by consent."

5. *Superfluous averments in complaint.*—If the defendant takes no proper steps to eliminate false issues presented by the complaint, evidence may be received to support them, and they may be submitted to the jury.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. J. R. DOWDELL.

JNO. A. TERRELL, for appellant.

H. A. GARRETT, and SORRELL & SORRELL, *contra.*

WALKER, J.—1. The suit was upon two judgments alleged to have been recovered by the plaintiff against a partnership of which the defendant was a member. The defendant did not, either by his demurrers or by his pleas, raise the question as to his individual liability upon a judgment against his firm alone. In the count added by the amendment there are allegations in reference to the contracts upon which the judgments were recovered, which are not material to the cause of action upon the judgments themselves. No objection, however, was interposed in any way to the presence in the complaint of these superfluous allegations. One ground of demurrer to the complaint was, that it failed to describe with sufficient accuracy the contract upon which the judgments were rendered. The judgments

10

themselves were sufficiently described, and there was no necessity of setting out any description at all of the contracts upon which they were rendered. The complaint as amended was not a departure from the original. The additional count sets out more in detail the cause of action described in the original complaint, but no misjoinder of counts was effected by the amendment. There is no merit in the demurrer to the complaint.

2. If the state of facts set up by the defendant's first plea was ever available as a defense against the claims which had been reduced to judgment, such defense should have been made in the suits in which the judgments were recovered. The judgments are conclusive of all defenses which could have been urged against the demands before the rendition of judgments upon them. The demurrer to this plea was properly sustained.—*Cook v. Parham*, 63 Ala. 456; *Mervine v. Parker*, 18 Ala. 241; 2 Brick. Dig. 145.

3. If there was error in sustaining the demurrer to the second plea, it was error without injury to the defendant; because, under the fifth pl..1, the demurrer to which was overruled, he had the advantage of the same issue which he sought to present by the second plea. He had the full benefit of his denial of the existence of the judgments alleged in the complaint.—*Phœnix Ins. Co. v. Copeland*, 90 Ala. 386; *Capital City Water Co. v. National Meter Co.*, 89 Ala. 401.

4. Even if the plea of failure of consideration was available in an action on a judgment, the plea to that effect in this case was defective in failing to state the facts showing the substance of the matter relied on as a defense.—*Carmelich v. Mims*, 88 Ala. 335. There was no consent to accept the pleas in short.

5. The evidence in reference to the judgments, and to the contracts upon which they were recovered, corresponded with the allegations of the complaint as amended. Some of the allegations were superfluous, as has been already indicated. Some of the evidence which was objected to might have been inadmissible, if immaterial issues had been excluded from the case, or if the defendant had availed himself of objections which might have been made under a different state of the pleadings. The third and fifth pleas, upon which alone issue was joined, were mere denials that the judgments sued on were obtained on notes in which the defendant waived his exemptions, that there was such waiver in said judgments, and that such judgments as were alleged in tthe complaint were obtained against the partnership of

[White v. Blair.]

Marable & Sims at the August term, 1890, of said court. If no proper steps are taken by the defendant to eliminate false issues presented by the complaint, evidence may be received to support them, and they may be submitted to the jury.—*McKinnon v. Lessley*, 89 Ala. 625; *Allison v. Little*, 93 Ala. 150. The evidence was directly pertinent to the allegations of the complaint, and as it supported them and was wholly uncontroverted, the defendant could not have been injured by the action of the court in giving the general charge requested in writing by the plaintiff.

Affirmed.