# Woodall et al. Exec. v. McLendon et al.

## Action upon a Decree of the Probate Court to recover Costs.

1. *Proceedings to probate will; when parties are not contestants.*
   In a proceeding to probate a will which is contested, persons
   who, though named as parties, do not join in the contest,
   are not contestants; and, therefore, are not liable for the
   costs adjudged against the contestants of the will.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellants, O. G.
Woodall and Henry Stephens, as executors of the will of
Lafayette Derrick, deceased, against the appellees, J. P.
McLendon and others, to recover certain costs adjudged
against the contestants of the will of Derrick in a pro-
ceeding in the probate court. The facts of the case
necessary to an understanding of the decision on the
present appeal are sufficiently stated in the opinion.

From a judgment in favor of the defendants, the
plaintiffs prosecute the present appeal and assign the
rendition thereof as error.

J. E. BROWN, for appellant, cited *Fields v. Sims,* 96
Ala. 540; *Kingsland v. Forrest,* 18 Ala. 519; *Sims v.
Herzfelder,* 95 Ala. 145; *Masterson v. Goodson,* 56 Ala.
56.

W. H. NORWOOD and TALLY & PROCTOR, *contra,* cited
*Herring v. Ricketts,* 101 Ala. 340; 1 Greenl. on Evidence,
§ 70; *Crawford v. Simonton,* 7 Port. 110; *Hunt v. May-
field,* 2 Stew. 124; *Chiles v. Beal,* 3 Ala. 26; 12 Amer. &
Eng. Ency. of Law, 149h, 149i; 11 Ency. Pl. & Pr. 1149-
1153.

[Woodall *et al.* Exec. v. McLendon *et al.*]

TYSON, J.—This action was brought against a number of defendants upon a decree of the probate court rendered on the 3d day of November, 1898, to recover certain costs adjudged against the contestants of a will in that court in favor of these plaintiffs. There was a judgment in this cause in favor of the plaintiffs against some of the defendants and a judgment in favor of the two defendants, who are the appellees here.

The pleas interposed by these two successful defendants were *non assumpsit* and *nul tiel record*. It is not insisted by appellees that the plaintiffs are not entitled to bring this action or that the complaint is in anywise objectionable. Under our decisions, if such insistence had been made, it would be unavailable.—*Field v. Sims,* 96 Ala. 540; *Sims v. Herzfeld,* 95 Ala. 145. The only point presented is whether the appellees were contestants in the proceedings in the probate court resulting in the decree sued upon and, therefore, were among the parties against whom the costs of that proceeding were adjudged. It is scarcely necessary to say that this fact must, of course, be shown by the record in that cause.

It appears that on the 9th day of July, 1898, the plaintiffs here, as executors of the last will and testament of one L. Derrick, deceased, propounded by petition that paper for probate. The appellees and others appeared in answer to the petition and filed a written contest of the will, which was heard, resulting in a decree admitting the will to probate and taxing them with the costs. Subsequently, at the instance of certain minor heirs at law of the deceased, who had not had legal notice, this decree was vacated. And shortly thereafter these plaintiffs, as executors, filed another petition, in form original, upon which process was regularly issued and a day set for its hearing. In answer, thereto, some of the respondents, other than these appellees, appeared and filed their written contest of the will. A trial was had on the contest resulting in the decree sued upon. The plaintiffs by filing this original petition and proceeding to trial upon a contest of the will propounded for probate by it, must be held to have abandoned their first pe-

tition though they would have had the right to have proceeded upon it. The appellees, not having joined in the contest which resulted in the decree sued upon, are not liable for the costs adjudged against those who were parties to the contest. In other words, they were not among the contestants.

The judgment must be affirmed.