## 1077.   SELMAN *v.* BARNETT.

1. Damages are recoverable for a physical invasion of the right of a parent,
   or of one standing in loco parentis, to the possession of an infant child.
   It is error to dismiss a petition asking damages against one who has
   wilfully decoyed and carried away the child of another, where it is
   plainly alleged that the plaintiff is entitled to the custody, control,
   and society of the child as its parent, and has been deprived of each
   and all of these by the wrongful or criminal act of the defendant.
2. The measure of damages, where exemplary or punitive damages are re-
   coverable, as prescribed by law, is to be fixed by the enlightened con-
   science of an impartial jury.

Action for damages, from city court of Floyd county—Judge
Hamilton.    February 27, 1908.

Argued May 5,—Decided May 18, 1908.

*M. B. Eubanks, W B. Mebane,* for plaintiff.

*Seaborn & Barry Wright,* for defendant.

RUSSELL, J.   The point having been raised in this case that the
pauper affidavit filed by the plaintiff in error is not properly en-
titled in the cause, we find, upon investigation, that while R. L.
Selman is mentioned in the caption of the affidavit as the defend-
ant in error, instead of R. L. Barnett, the number and the nature
of the case are fully stated in the title of the affidavit; and this
entitles the affidavit sufficiently to leave no ground for doubt that
it is applicable to this case and to no other.   The test is, whether
the affidavit is sufficiently entitled to be the basis of an indictment
for perjury.   We shall hold the pauper affidavit sufficient, although
the name of the defendant in error is stated as R. L. Selman in-
stead of R. L. Barnett, because the number, the term of the court,
and the court itself are all mentioned in the pauper affidavit, and
are identical with the rest of the record.

   1.   The exception presented by the bill of exceptions is the
sustaining of a demurrer to an action brought by the plaintiff in
error in the city court of Floyd county.   It appears, from the ma-
terial paragraphs of plaintiff's petition, "that said R. L. Barnett

has injured and damaged petitioner in the sum of $1,000, as will appear from the following paragraphs: . : That Eli Selman is a minor, eight years old; that the mother of said child was your petitioner's daughter, her name being Rose Selman; that said Rose Selman died three years ago; that the father of said child is unknown; that since the death of said child's mother said child has been in the possession, custody, and control of petitioner; that petitioner has clothed and educated said child, loved and cared for it as much as if it had been her own; that since the death of the mother of said child, and now, the custody, possession, and control of said child belongs to your petitioner; that petitioner's husband is dead. 4. That from said time when petitioner's daughter died, up until the 26th day of August, 1907, said Eli Selman remained in the custody and control of petitioner as aforesaid, but that on said date said R. L. Barnett persuaded, decoyed, and enticed said child away from petitioner in the following manner: That petitioner was engaged in cooking for one White in the city of Rome, and on said date had sent said child to the shop of said White for the purpose of carrying the said White's dinner; that while said child was in the discharge of his duties, said Barnett persuaded and decoyed said child away, as aforesaid, and took and carried it in his wagon to his farm in Everett Springs district, said county, where said child is now. 5. Petitioner shows that for one week after said child was taken from her possession she did not know where he was; that she had all parts of Rome and surrounding country searched; that she did not know, nor could she tell what had become of said child; that because of said absence of said child petitioner was greatly worried; she could not sleep at night; she continually worried through the day; she did not know but that said child had been killed by some one or drowned in the river, she could not tell. Finally, she gave up and was compelled to take her bed, where she is now confined; which has been occasioned by the absence of said child. 6. Said child was a great solace and help to petitioner. He was continually with petitioner, to do little duties and run errands. Petitioner loved said child, but, because of said decoying and enticing away of said child by said defendant, petitioner has been deprived of this. Petitioner did not consent to the taking of said child by the said Barnett, and said act was against the will of petitioner.

7.    Petitioner shows that the taking and carrying away of said child by said Barnett was illegal, wrong, and a crime, and entitled petitioner to punitive damages, for which she sues." The defendant demurred, upon the ground that the petition set out no cause of action, nor any element or measure of damages, and further, that the petitioner shows no right of recovery in herself.

At last, but one question is really raised by the record.  Has this plaintiff a right to recover damages?  For there can be no question that, under the allegations of the petition, the defendant was guilty of a wrong.  As we view the allegations of the petition, the plaintiff stood in loco parentis.  She has the right to the custody and control of the child—which came naturally, peaceably, and exclusively into her possession from its mother—if not to the same degree and to the same extent as if it were her own, at least to such degree as to be entitled to protection against interference by a stranger who shows no higher right.  She is entitled to its possession; and when the defendant unlawfully deprived her of that possession he was guilty of such a physical invasion of her rights as constitutes an actionable wrong.  Therefore the general demurrer should not have been sustained.

Subsidiary to this question, the defendant insists that no measure of damages is set out in the petition.  We hold that under the petition in the present case, the allegations upon that subject, contained in the 7th paragraph, are sufficient.  The law presumes general damages from such a wrong, and the plaintiff says that she is entitled to punitive damages.  Under our code these are measurable only by the enlightened conscience of an impartial jury.  We think, therefore, that the measure of damages is sufficiently alleged to enable the jury to apply the rule of damages contained in § 3907 of the Civil Code.  The petition was sufficient to withstand a general demurrer.  It set forth the commission of a wrong, by which the defendant destroyed the rights of a person entitled to the possession and control of a child, whose custody and possession, as well as its service, she was entitled to enjoy. If it were the case of an actual mother and her child the kidnapping and concealment of her little one would cause untold pain and mental distress; and, no doubt, the same is true in some degree in the case of this grandmother and her grandchild.  In our opinion (as expressed in *Glenn* v. *Western Union Tel. Co.,* 1 *Ga.*

*App.* 821 (58 S. E. 83)), the law should in all cases afford compensation in damages for such mental distress; but the ruling in *Chapman* v. *W. U. Tel. Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430,. 30 Am. St. R. 183), forbids, as to cases of mere negligence. But in any event, the plaintiff is entitled to recover, for the physical invasion of her right of possession as a parent, nominal damages, if no more; and under the allegations of this petition, from which it appears that the violation as alleged is flagrant, the jury would have the right to punish the offender in exemplary damages. It is unnecessary to determine whether the plaintiff is entitled to recover the value of the child's services, under the present petition, because the allegations are not definite enough upon that subject to authorize recovery. If the petition were amended, and supported by proper proof, it might be that the plaintiff could recover for whatever the jury thought to be the value of the services of the child. The demurrer should have been overruled, and the plaintiff allowed, if she could, to prove the allegations of her petition, which entitled her to general damages.

*Judgment reversed.*