[Reeves v. Anniston Knitting Mills.]

# Reeves *v.* Anniston Knitting Mills.

## *Action by Parent for Injury to Child.*

· (Decided Dec. 15, 1909.   Rehearing denied Feb. 26, 1910.
52 South. 142.)

1. *Parent and Child; Injury to Child; Loss of Wages; Contributory Negligence Apparent.*—Where injury to a minor employe was caused by the negligence of the employer in failing to warn and instruct her as to the dangers incident to her employment, the consent of the parent to her engaging in the dangerous employment is not contributory negligence, barring recovery of the parent for loss of her wages.

2. *Same; Pleading.*—The consent of a parent to the child engaging in a dangerous employment not being negligence proximately contributing to the injury, but the injury occurring through the negligence of the master in not warning and instructing her as to the dangers incident to her employment, the consent is not rendered the proximate cause of her injury because the complaint averred non-consent to the employment.

3. *Same; Consent of Parent; Pleading and Proof.*—One suing the employer of his infant child for loss of her wages from injury to her from the negligence of the master in failing to warn and instruct her as to the dangers incident to her employment, and having unnecessarily averred in the complaint non-consent to the employment, must prove such non-consent as a condition to recovery.

4. *Same; Evidence.*—Where the action was by the parent for loss of wages incident to the injury of the child. it was not competent for the defendant to show that the child had recovered of the employer for injuries in a suit begun by the child.

5 *Same.*—Where the action is by parent for loss of wages occasioned by the injury of a child, it is not competent to show what disposition was made of the wages earned by ·the sisters of the injured child.

6. *Same.*—Where the action was by the parent for loss of wages incident to the injury of the child it is immaterial as to what settlement the plaintiff made of his guardianship in the matter of recovery of damages by the child for the injury.

7. *Damages; Injury to Child; Evidence.*—Where the action is by the parent for loss of wages of the child the financial condition of the child is a proper element of inquiry as bearing on the loss likely to be entailed on the parents by the injury to the child, but the source of the estate of the child is not a proper inquiry.

8. *Pleading; Pleas; General Issue.*—Where the action is by the parents for the injury of the child on account of the negligence of the master, the fact that the injury resulted from dangers ordinarily incident to the service is within the general issue and need not be pleaded.

*9. Master and Servant; Assumption of ·Risk; Dangers Ordinarily Incident to Service.*—The failure of a master to warn and instruct a young and inexperienced employe of the danger incident to her employment is not a danger ordinarily incident to. the service.

APPEAL from Anniston Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by W. T. Reeves against the Anniston Knitting Mills for damages for loss of wages occasioned by an injury to his minor child alleged to· have been inflicted by the negligence of the master. The facts and pleadings are sufficiently set out in a former appeal in this case reported in 154 Ala. 575; 45 South. 702, reference to which is hereby made. Judgment for defendant and plaintiff appeals. Reversed and remanded.

TATE & WALKER, for appellant. The court erred in overruling demurrers to regular plea 3.—*Reeves v. Anniston K. Mills,* 154 Ala. 575. What has been said with reference to plea 3 applies with equal force to pleas H and I. See also *A. M. R. Co. v. Marcus,* 128 Ala. 355; *Brazil C. Co. v. Gaffney,* 4 L. R. A. 850. The father's consent was not contributory negligence answering the cause of action in the counts which were submitted to the jury.—1 Lebat, 619, and note on page 621; 105 N. Y. 591; 59 N. J. L. 226. It cannot be said that any of these pleas were aimed at amended count 7.—*Hardy v. Banks,* 15 Ala. 722. None of these pleas constituted any defense to this action.—*Hissong v. R. & D. R. R. Co.,* 91 Ala. 517; *Thompson v. L. & N.,* 91 Ala. 500; 29 Cyc. 499. The court erred in admitting evidence of a former recovery against the same defendant by the child, and also as to the estate of the child and the source from whence it came.—*Bains v. Barnes,* 64 Ala. 383; *Beasley v. Watson,* 41 Ala. 234; *Greenwood v. Coleman,* 34 Ala. 150. Counsel discuss other assign-

ments of error and refer to the authorities herein cited
to sustain their contention.

WILLETT & WILLETT, for appellee. The first count
contained the allegation that the defendant required
the minor to work there without plaintiffs' consent, and
having put it there must prove it, and any plea denying
such allegation would be proper.—*T. C. I. & R. R. Co. v.
Trotwell*, 47 South. 64. If the minor was employed by
appellee with the knowledge and consent of appellant
to work in the mills and her injuries proximately re-
sulted from a risk naturally incident to her employ-
ment appellant could not recover.—*A. M. R. R. Co. v.
Marcus*, 115 Ala. 395; *Dimmick P. Wks. v. Wood*, 139
Ala. 285; *Marbury L. Co. v. Westbrooks*, 121 Ala. 179;
*Woodstock v. Cook*, 124 Ala. 349; *Warrior M. Co. v.
Jones*, 46 South. 466. The court's ruling as to appel-
lee's special pleas H and I was without error.—*Pratt
C. & I. Co. v. Brawley*, 83 Ala. 371; *Westbrook v. M. &
O.*, 66 Miss. 560; *G. S. R. R. Co. v. Hanlon*, 53 Ala. 70;
40 Am. St. Rep. 752; 77 Am. Rep. 705; 28 Ind. 287; 40
Ind. 545; 40 Pa. St. 218. The court did not err in ad-
mitting the evidence as to a former recovery with the
limitation put on it.—*Durr v. Jackson*, 59 Ala. 203.
Counsel discuss other assignments of error, but without
citation of authority.

McCLELLAN, J.—Counts 1, 2, and 7 as amended
were those upon which the testimony was taken upon
the trial. The first two rely upon the negligence of de-
fendant (appellee )in omitting to warn and instruct
plaintiff's (appellant) nine year old child, inexperi-
enced and immature, in reference to the dangers inci-
dent to her employment in defendant's hosiery mill.
The seventh count as amended ascribed the injury to the

negligent failure of the defendant in respect of an un-covered, exposed shafting, rapidly revolving a short distance above and parallel with the floor of one of the rooms of the mill. This is the second appeal.—*Reaves v. Anniston Knitting Mills*, 154 Ala. 565, 45 South. 702.

The main question now presented for review is among those decided adversely to appellee on the previous occasion. It is, under pleas H and I, whether the consent of a parent, who sues for the loss of the services, etc., of his injured minor child, that the child engage in the hazardous employment in which it is injured, is charge-able with negligence, proximately contributory to its injury, and, hence, be barred of recovery in such action for the loss of services, etc., where the complaint ascribes the injury to the negligence of the master. In reference to the insistence of appellee's counsel, we have carefully reconsidered the question, and, after so doing, feel impelled to reaffirm the former ruling thereon in this case.

Reference to the numerous decisions of this court, cited and pressed upon our attention for appellee, will discover that none of them affirm the proposition that a parent's consenting to the employment of his minor child in a dangerous business includes either the assumption of risk of injury therein or affords the basis for the imputation of contributory negligence on the part of the parent in any action by the parent, where the cause of the injury is ascribable to the negligence of the master. The previous ruling rested, at least in part, upon the theory that the consent of the parent to the employment created a condition merely, and that the proximate cause for the injury was to be found in the negligent failure of the master to instruct and warn the child. The sequence, in cause of injury, cannot be ascribed to the original want of care of the consenting

[Reeves v. Anniston Knitting Mills.]

parent, for the reason that, as pleaded in counts 1 and 2, that dereliction of the parent was, if unaided, obviously innocent of damnifying result. The consent of the parent to the employment bore the child to a dangerous situation; but injury attended the child in consequence of the master's failure to warn and instruct, and not from the dangerous situation into which the parent had consented that the child be placed. The conclusion then announced, and now reaffirmed, is in accordance with the doctrine prevailing in this court, viz., that the proximate cause of an injury is ascribed to the act or omission subsequent, in order of effect producing the injury, to that want of care, it may be, creating the status upon which the duty last breached is erected.

Plea 3 avers the injury to have resulted proximately from dangers ordinarily incident to the service, and hence was within the general issue pleaded, and might well have been stricken on motion. Counts 1 and 2 could only be sustained by proof of injury in consequence of the negligence charged in them, and the failure to warn and instruct the child were not of the dangers described in the plea.

Pleas H and I would ground contributory negligence upon consent, with knowledge, of the plaintiff that his child engage in the dangerous service described. On the facts averred, these pleas were subject to the demurrers interposed. The court erred in overruling the demurrers to pleas H and I.

Counsel for appellee insist that these pleas were apt in reply to the averment of non-consent of plaintiff set forth in the first count. The plaintiff must prove his averment, even though unnecessarily incorporated therein, as a condition to a recovery.—*Tenn. C., I. & R. Co. v. Crotwell*, 156 Ala. 304, 47 South. 64. But this fact will not serve to render that proximately contribut-

ing negligence, as appellee contends, which, in fact, is not so.

A number of the charges given or refused, and the court's action in respect to them, are assigned as error. What has been before said in reference to pleas H and I will serve to indicate the proper course for the court in dealing with charges touching that phase of the case.

Under the rule declared in *Bube v. Birmingham R., L. & P. Co.,* 140 Ala. 275, 37 South. 285, 103 Am. St. Rep. 33, among other decisions here, the financial condition of the child is a proper element of the inquiry, in order that the jury may determine from the whole evidence the loss likely to be entailed upon the parent in consequence of the child's injury; but this does not render proper an investigation of the source of the child's estate, if such it has.

The testimony in reference to a recovery in another action by the child against this defendant should not have been admitted over plaintiff's objection. Nor did the disposition made of their wages by sisters of plaintiff's injured child tend to shed any light upon the issues in the case.

Nor was the matter of settlement of plaintiff's guardianship of the injured child serviceable on any issue raised by the pleadings. It should not have been admitted over plaintiff's objection.

We are not able to find any tendency in the evidence supporting material averments of count 7 as amended. The court did not err in giving the affirmative charge thereon, as requested by defendant.

The errors indicated require the reversal of the judgment and the remandment of the cause.

Reversed and remanded.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.