14 So.2d 549

**STEWARD v. GOLD MEDAL SHOWS**
**et al.**

6 Div. 83.

Supreme Court of Alabama.

June 3, 1943.

Rehearing Denied June 30, 1943.

E. W. Skidmore, of Tuscaloosa, for appellant.

Jones, Dominick & McEachin, of Tuscaloosa, for appellees.

584

THOMAS, Justice.

The suit is by a mother for damages for enticing and carrying away her minor son.

It is alleged in the complaint that the plaintiff is the mother of a boy of the age of fourteen years; that she is entitled to his care, custody, control, company and earnings, and has been put to great concern, worry, fear, humiliation, and vexation as the proximate loss of her minor child,—all to her damage.

Plaintiff's contention is that on or about October 4, 1941, the defendant finishing a week's engagement in Tuscaloosa, left for Luverne and at the time of leaving Tuscaloosa, he or some of his agents, servants or employees, without the consent of plaintiff, enticed or otherwise procured appellant's minor son to accompany the show to Luverne. It is further averred in her pleading that she did not know where the son was until he later returned and that his unexplained absence caused her great concern, worry, fear, humiliation and vexation as a direct and proximate cause of the loss of said minor child; and that during his absence she was deprived of the care, custody, control, company and earnings of her minor son, all to her damage, for which she sues.

A preliminary matter was presented by defendant's plea to the effect that a similar suit between the parties set up the same subject matter and a judgment in such pending suit in another jurisdiction would be a bar to the above-styled cause. Ford v. Bowden, 243 Ala. 334, 9 So.2d 906.

The judgment entry on the plea was to the effect that the court "finds that no former suit was pending at the time of the filing of this suit."

Demurrers to the amended complaint were overruled and the defendant pleaded in short by consent, the general issue with leave to offer in evidence legal proof of any matter in defense which could be well pleaded.

Defendant's defense was that neither he nor any of his agents, servants or employees had anything to do with said minor leaving Tuscaloosa; that they did not know him; had not given him employment with the show; and that he had had nothing whatever to do with him.

At the beginning of the trial the court granted a motion for defendant, striking from the complaint all allegations of damages based on plaintiff's concern, worry, fear, humiliation and vexation, by reason of the absence of the child. The judgment entry shows that said motion was considered by the court and "the court is of the opinion that the same is well taken and should be and is hereby granted." The plaintiff duly excepted to said action of the court. The plaintiff with leave of the court amended her complaint by striking "Gold Medal Shows, whose name is otherwise unknown," as party defendant. Issue being joined upon defendant's plea of the general issue in short by consent, etc., there was a verdict for the defendant.

The record proper further shows a motion duly made for a new trial and among other grounds it was stated that the court erred in granting defendant's motion to strike from plaintiff's complaint all reference to her claim for damages for mental anguish, worry, anxiety, and for upsetting her nervous system, etc. Said motion being called to the attention of the court on March 28th was set down for hearing, and on that day was continued to March 31st, when the motion was considered and the order and judgment of the court was that plaintiff's motion to set aside the verdict of the jury theretofore rendered in the cause against the plaintiff and the judgment thereon in favor of defendant and to grant the plaintiff a new trial was overruled. The plaintiff then and there in open court duly and legally excepted to the action of the court in overruling said motion. There was no other evidence offered on the motion for a new trial than was within the breast of the court.

The foregoing appears in the record proper and the motion and ruling thereon likewise appear as a part of the bill of exceptions duly presented to and signed by the presiding judge with certificate of service of copy thereof on defendant's attorneys of record.

The assignments of error contain many alleged errors presented for review, the first of which are that the court erred in granting defendant's motion to strike from plaintiff's complaint counts one and two, as follows: "Plaintiff has been put to great concern, worry, fear, harm and vexation," etc., and "the court erred in overruling motion for a new trial."

The important question for consideration is the granting of the motion to strike the matter indicated from the complaint and the denial of plaintiff's right of recovery of damages for mental suffering, anxiety, etc., in an action by a parent having the possession and care of the minor child; for enticing away said minor child.

Several decisions of this court are for consideration by way of analogy. In Shannon v. Sims, 146 Ala. 673, 40 So. 574, it was held that mental suffering is an element of damages in an action for false imprisonment. In Walling v. Fields, 209 Ala. 389, 96 So. 471, an action for false imprisonment and malicious prosecution, it was held the plaintiff may prove at the time of his arrest he was married and had a family; was taken from them by the arrest and imprisonment; that such action deprived him of the society of his wife and children while in jail; and that circumstances and facts surrounding the plaintiff under arrest and in prison can be given whereupon the jury may infer the circumstances, but plaintiff cannot testify directly that he suffered mental pain.

In Standard Oil Co. v. Humphries, 209 Ala. 493, 96 So. 629, 631, Mr. Justice Sayre, writing for the court, declared that damages for mental suffering when alleged are recoverable; that plaintiff should not have been allowed to state that he suffered mental anguish, that he was nervous or frightened; that such inference is for the jury, "Upon the whole evidence in the particular case, to say whether plaintiff suffered mental pain, including, as we think, nervousness and fright." Michie's Digest, § 45, p. 639.

In Florence Hotel Co. v. Bumpus, 194 Ala. 69, 69 So. 566, Ann.Cas.1918E, 252, in an action by a guest at a hotel, under a complaint showing wrongful invasion of plaintiff's room, violation of his right of privacy and humiliation suffered on account of removal of his effects therefrom, it was held that damages may be awarded for humiliation and indignation. The case of Louisville & N. R. Co. v. Hine, 121 Ala. 234, 25 So. 857, cited with approval, is to the effect that humiliation and indignation if suffered by him (plaintiff) are also elements of actual damage arising from a sense of injury and outraged rights engendered by ejection alone from his room, without regard to the manner in which it was effected and though done through mistake.

In Parker v. Newman, 200 Ala. 103, 75 So. 479, many general authorities are cited to the effect that damages were recoverable for alienation of affection.

In Long v. Booe, 106 Ala. 570, 571, 17 So. 716, the action was likewise for the alienation of the wife's affection, and it was held that where a claim for damages is for the loss of a wife's services, the term "services" does not necessarily or automatically involve a loss measurable by pecuniary standards of value, such as obtain where the master is deprived of the labor of his servant or the father is deprived of the "help of his child"; but the term implies whatever he had, assistance, comfort and society, which the wife would be expected to render or bestow upon her husband under the circumstances to surround them in the condition and station of life that may be presented.

In Sloss-Sheffield S. & I. Co. v. Devaney, 7 Ala.App. 457, 60 So. 990, 991, in a case for malicious prosecution, Judge Pelham cites with approval Stewart v. Blair, 171 Ala. 147, 54 So. 506, Ann.Cas.1913A, 925, to the effect that it was proper to permit the plaintiff to show that he was a married man, had a family of children and a daughter 18 years old, "for the purpose of allowing the jury to properly estimate the plaintiff's wounded pride and feelings," as an element of damage which was specifically claimed in the complaint.

In Alabama Fuel & Iron Co. v. Baladoni, 15 Ala.App. 316, 73 So. 205, it was held:

"Damages are recoverable for physical injury directly caused by fright which was proximately caused by defendant's negligence. * * *

"Damages: Fright: Public Policy.— Where it clearly appears that an injury proximately resulted from fright wrongfully caused by an employee of defendant, plaintiff will not be denied recovery on the ground of expediency or public policy because of the danger of opening the door to fictitious litigation easily simulated."

This was on authority of Spearman v. McCrary, 4 Ala.App. 473, 58 So. 927, and Ex parte Spearman, 177 Ala. 672, 58 So. 1038. See, also, cases from this court noted in 7 Ala.Digest, Damages, p. 411, ☞ 52, touching damages for fright and mental suffering as proximate and natural consequences of trespass or negligence.

The case of Dawsey v. Newton, post, p. 661, 15 So.2d 271, was for the trespass of cutting two oak trees and the court sustained a judgment for the statutory penalty for two trees and $35 damages for mental suffering and wounded feelings for the destruction of the two trees. There was analogy to the damages sought to be recovered in the complaint as originally formed, which is in accord with justice and common sense that should be applied and obtain as between the parties in this case.

The foregoing authorities furnish analogy for the right of complainant to declare for and recover the several elements of damages claimed in her complaint. This was denied by the sustaining of the motion to strike such claim from the several counts of the complaint.

An illuminating discussion of the question is found in Pickle v. Page, 252 N.Y. 474, 169 N.E. 650, 72 A.L.R. 842, holding that loss of service need not be alleged or proven in an action for the abduction of an immature child from the custody of lawful guardians, parents or foster parents; that damages for wounded feelings and punitive damages are recoverable in an action by a grandfather and foster father for the abduction of an immature child. There are notes to this opinion on the two rules theretofore prevailing in the United States, the old and the new rules, the former obtaining in the states of Iowa, Kentucky, Maine, Maryland, Massachusetts, New Jersey, Ohio, Pennsylvania, Washington, England and Canada. Under the "old rule" the holdings are to the effect that the fiction of the loss of services is essential to an action for abduction of a child and without it the action must fail; that the services may be constructive as well as actual.

Under the "modern rule" as it is termed, it is held that the fiction of the loss of service is not essential to an action for the abduction of a child. This holding is well stated by the decisions of the Supreme Courts of Georgia, Indiana, Nebraska, North Carolina, South Carolina and West Virginia. Under the many decisions cited in Selman v. Barnett, 4 Ga.App. 375, 61 S.E. 501, 502, in which there is the just observation that the plaintiff has the right to the custody and control of the child and the "law presumes general damages from such a wrong" depriving her thereof; and that the plaintiff says she is entitled to "punitive damages." "In any event the plaintiff is entitled to recover, for the physical invasion of her right of possession as a parent, * * * and under the allegations of this petition, from which it appears that the violation as alleged is flagrant, the jury would have the right to punish the offender in exemplary damages", and on a proper petition the value of the services of the child.

In Tavlinsky v. Ringling Bros. Circus, 113 Neb. 632, 204 N.W. 388, the holding was that parents have a right to the care, custody, services and companionship of their minor children, and when they are wrongfully deprived thereof by another, they have a right of action therefor, even in a case where the child has sought employment of the defendant circus company.

We incorporate here the editor's note in 72 A.L.R. 850, in Pickle v. Page, 252 N.Y. 474, 169 N.E. 650, 72 A.L.R. 842, to the following effect:

"In the reported case (Pickle v. Page [252 N.Y. 474, 169 N.E. 650, 72 A.L.R.] 842), the New York court gives a full and elaborate review of the authorities on the point, and concludes that the proper rule is that loss of services is not a condition to an action for abduction of a minor.

"The case of Howell v. Howell, 1913, 162 N.C. 283, 78 S.E. 222, 224, 45 L.R.A.,N.S., 867, Ann.Cas.1914A, 893, is one of the leading ones on this rule. It was there said: 'The most usual cases in which this action is brought have been upon the abduction of a daughter for marriage or immoral purposes. But the modern authorities, as we have said, have advanced, and now the parent can recover damages for the unlawful taking away or concealment of a minor child, and is not limited to cases in which such child is heir or eldest son, nor to cases where the abduction is for immoral purposes; nor are the damages limited to the fiction of "loss of services." This court [has] pointed out that this is "an outworn fiction" even in actions for seduction. The real ground of action is compensation for the expense and injury and "punitive damages for the wrong done him in his affections and the destruction of his household."'

"It was said in Kirkpatrick v. Lockhart, 1809, 2 Brev., S.C., 276: 'I mention these cases to exhibit the true foundation of these kinds of actions, and to show that the allegation of special damages per quod is founded on a mere fiction, which seems

to have been suggested by a narrow, technical mind, or to have originated in a base and sordid principle of pecuniary interest. In truth and justice, it forms no essential ingredient in the cause of action, and is unworthy of the notice of an enlightened and feeling judicatory. We are, therefore, of opinion there is no necessity to resort to this absurd fiction, to support an action so well founded in justice, reason, and policy."

■ We hold that the true ground of action is not merely damages for the loss of services of a minor child of an age so tender or of a constitution so delicate as to be incapable of rendering any service, but that the action is for the outrage and deprivation, "the injury the father sustains in the loss of his child; the insult offered to his feelings; the heart-rending agony he must suffer in the destruction of his dearest hopes, and the irreparable loss of that comfort and society which may be the only solace of his declining age." 72 A.L. R. 850.

The case of Soper v. Igo, Walker & Co., 121 Ky. 550, 89 S.W. 538, 539, 1 L.R.A., N.S., 362, 123 Am.St.Rep. 212, 11 Ann.Cas. |1171, is rested upon the fact that the woman residing with her husband may not maintain an action for the enticement from home of her minor child, saying that the right to maintain an action for injuries of this sort "no doubt belongs exclusively to the father during his life; but after his death, the mother, being the only parent, is in contemplation of law guardian by nature to the children, in which relation she is bound to it by the same duties and has in them the same rights, as the father during his life."

■ The general rule to the effect that a verdict for the defendant rendered harmless an error made in charges relating to elements and amounts of damages does not apply when a motion to strike has been erroneously granted and which prevents the entire matter from being presented to the jury. As to this appellant's counsel say that the erroneous ruling of the court did not appear only in the oral charge but in the written charges under the doctrine enunciated in Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473.

Adverting to this case, where the judgment was for the defendant against plaintiff's right of recovery, it is held that a ruling of the court upon admission of evidence, or the giving or refusing of instructions relating to the amount of recoverable damages, cannot be the basis for reversal. The rule that does apply however, is stated by Mr. Justice Sayre in Shelby Iron Co. v. Bierly, 202 Ala. 422, 424, 80 So. 806, 808, that: "It can never be known that there has been a trial on the merits in a case where the court's rulings on the pleadings disclosed the fact that meritorious issues have been excluded from the jury. * * *"

■ In view of the giving of written charges 18, 19, 20 and 21 at the instance of defendant, we cannot say the error in striking the element of damages herein considered was harmless.

Such was the effect of the court's ruling in the instant case on defendant's plea to strike from the complaint recoverable items of damage, namely; the worry, fear, anxiety and natural outraged feelings of a parent who had a "minor child stolen or abducted from him." By no rule of law, of common sense or justice can it be safely assumed that the jury's verdict would not have been different had these facts been presented to them and had they been instructed by the trial court to consider such facts as elements of recoverable damages. The sustaining of defendant's motion to strike limited the evidence upon which the jury could have brought in a verdict for the plaintiff as touching the right of the parent and such minor child for the reason that the jury were instructed by the court to consider only the reasonable value of the services of plaintiff's son and there was no evidence before the jury that the services of such minor son were worth anything.

We do not think cases cited by appellee have application. In Bube v. Birmingham Ry. Light & Power Co., 140 Ala. 276, 37 So. 285, 103 Am.St.Rep. 33, the action was by a parent for punitive damages for injuries to her son where the right of action was grounded upon the loss of services and the damages compensatory including nursing, etc. So also of the cases of Birmingham Railway, Light & Power Co. v. Baker, 161 Ala. 135, 49 So. 755, 135 Am.St.Rep. 118, 18 Ann.Cas. 477; Reeves v. Anniston Knitting Mills, 166 Ala. 645, 52 So. 142; and in Brookside-Pratt Mining Co. v. McAllister et al., 196 Ala. 110, 72 So. 18, the damages sought were held remote. The instant suit is not for an injury to the child but for an injury

to the mother for the abduction of the minor child. The case of Wyatt v. Adair, 215 Ala. 363, 110 So. 801, and of Birmingham Water Works Co. v. Martini, 2 Ala. App. 652, 56 So. 830, bear a strong analogy to the instant case.

It follows from the foregoing that the judgment of the circuit court is laid in error and for the rulings indicated, the cause is reversed and remanded.

Reversed and remanded.

All the Justices concur except GARDNER, C. J., and BROWN, J., dissent.

GARDNER, Chief Justice, and BROWN, Justice (dissenting).

We are of the opinion that the verdict of the jury in favor of the defendant renders unnecessary any consideration of the question of different elements of damage. Conceding, without deciding, error in this regard, it was error without injury, as the jury have said by the verdict defendant was guilty of no wrong whatever. Without regard to any other matter, we think the judgment is due to be affirmed for the reasons above stated. Molloy v. Mitchell, 223 Ala. 666, 137 So. 896. See also authorities cited in 39 Amer.Juris., pp. 717, 718, §§ 74 and 75.

FOSTER and LAWSON, Justices (concurring).

We agree with the majority opinion and also with the principle stated by GARDNER, C. J., and BROWN, J., but we conclude it does not here apply for the reason that substantial damage was claimed in the complaint, and the verdict of the jury for defendant may have been upon a finding that there was no substantial damage. Whereas if the element of damage, which was erroneously excluded, had remained in the case for the trial, we cannot say what the verdict would have been.

Application for rehearing overruled, opinion extended.

All the Justices concur except GARDNER, C. J., and BROWN, J., who dissent.

BROWN, Justice (dissenting).

This is an action on the case by a mother, as plaintiff, against the defendant, a transient showman, for damages for enticing her minor son, fifteen years of age, to leave the plaintiff's home located in the City of Tuscaloosa, Alabama.

The case went to the jury on count one of the complaint and defendant's plea of the general issue.

The gravamen of said count which claims $2,900 as damages, to state it in the language of said count, is: "For that on, heretofore, towit, the 14th day of October, 1941, the defendants through their agents, servants or employees while acting within the line and scope of their employment, as such agents, servants or employees, enticed, persuaded or otherwise procured plaintiff's son Silas Steward, Jr., to leave plaintiff's home in the City of Tuscaloosa and go with the Gold Medal Shows, without the knowledge or consent of plaintiff."

As elements of the damages claimed, the complaint, as originally filed, averred: "That the said Silas Steward, Jr., is a minor of the age of towit fourteen years and that she is entitled to and has his care, custody, control, company and earnings, and that the agents, servants, or employees of defendant, as aforesaid, have deprived plaintiff of said care, custody, control, company, for towit four days, and earnings of her said minor child, and *plaintiff has been put to great concern, worry, fear, humiliation and vexation* as a direct and proximate [consequence] of the loss of her said minor child." [Brackets supplied.]

On motion of the defendant made in writing the court struck from said count the words above italicized.

The evidence offered by the plaintiff tended to show that he was employed by the defendant to work in and around the show, bringing water, picking up paper and when the show completed its engagement in Tuscaloosa and was pulling up and loading the plaintiff's said son assisted in the work, and rode on a truck to Luverne.

The plaintiff's son testified: "My name is Silas Steward, Jr., and I live at 1107 18th Street. I am related to the woman there (indicating plaintiff), she is my mother and I live with her. I am 15 years of age at the present time. My birthday was February 17, 1927. I was 15 yesterday. Back in October of last year I was 14 years old. I recall the occasion when the Gold Medal Shows were here and I got a job with them while they were here. They hired me right there on the show grounds; I don't know the

gentleman's name who hired me. I see the gentleman sitting over there at the extreme end of the table (indicating Mr. Bloom) but I don't know whether I saw him down there or not. It was a little late when I got my job down there and was after they started tearing down. I picked up paper and toted water down there. I got the water over at Mr. Reynold's Grist Mill and carried it to the office. I don't know whose office it was. It was the Gold Medal Shows office. I also carried water to the people fixing the truck. There was a sign on the truck and it had on there 'Gold Medal Shows.' I also helped to tore down the hot dog stand and help tear down the ferris wheel. I did not do any work around the office except tote water. The man did not say how much he was going to pay me. I rode with them and went to Luverne, Alabama. I went down there on the truck, it was a Gold Medal truck and had the sign on it. When we got to Luverne I worked for one man down there. I don't know what his name was. He was with the Gold Medal Shows and the work I did for him was to help put up the Cat Drome. That is some kind of little old cats they have, you have to take ball and knock them down after they were set up on a stand. That is all I did with the show there in Luverne. I did some other work around the show grounds there picking up papers and one of the men that was with the show asked me to do it. I did not do any other work down there. They did not pay me anything. I did not say anything to them about it, I thought they were going to pay me but they didn't pay me. When I was in Luverne I slept on sawdust on the ground and on a lady's porch one night. The show people did not furnish me a place to sleep; they did not give me anything to eat and did not offer me anything to eat. The way I got back to Tuscaloosa, I had to work on a tractor cleaning off a tractor to come back. That was not for the show people, that was for some other people. * * *"

He also testified that at the time he went with the show he had a job with N. Y. A. and was receiving $22 per month for his work, all of which he gave to the plaintiff.

The defendant's evidence was to the effect that he did not know the boy, had never seen him until the day of the trial; that he did not employ him or authorize anyone else to employ him or induce him to go with the show.

The defendant's evidence further tended to show that several persons who had concessions, including the one who operated the "Cat Drome," paid a weekly charge or commission for their concession. That they were not employees of the defendant and that they furnished their own transportation facilities.

The trial resulted in a verdict and judgment for the defendant.

The reversal is rested upon the sole ground that the court erred in striking from the complaint the words "plaintiff has been put to great concern, worry, fear, humiliation and vexation as a direct and proximate [consequence] of the loss of her said minor child."

As to this ruling appellant's counsel states in brief: "It is anticipated by the writer that counsel for appellee will advance the argument that the errors of the court in its charge, if any, were cured by the verdict of the jury under the doctrine enunciated in the case of Roll v. Dockery [219 Ala. 374], 122 So. 630, 65 A.L.R. 1473, and similar cases. If the erroneous ruling of the court appeared in the oral or written charges they would probably be correct. However, we have a different situation here and one which is governed, we believe, by the rule set forth in the case of Shelby Iron [Co.] v. Bierly [202 Ala. 422], 80 So. 806, 808, wherein Justice Sayre makes the following observation: 'In the case before us appellant was denied the right to present a meritorious defense. It differed in some respects from the defense which was allowed by the trial court; but to the advantage of those points of difference defendant was entitled.'"

In that case the court by sustaining a demurrer to one of defendant's pleas of contributory negligence had eliminated one of its defenses which, if it had been allowed and proven, was a complete answer to the plaintiff's case.

Under the law of that day contributory negligence was a special and affirmative defense, and to be pleaded at all must be pleaded with particularity, "and no other acts of negligence than those specially pleaded can be proved on the trial of the case, and, if proved, they can not be made a predicate for a verdict for the defendant." Southern Ry. Co. v. Shelton, 136 Ala. 191, 34 So. 194; Centennial Ice Co. v. Mitchell,

215 Ala. 688, 112 So. 239. (This rule of pleading contributory negligence has probably been superseded by rule of pleading 37 adopted by this court 242 Ala. xvi).

This is not the case here where the court merely eliminated an element of damages, where the undisputed evidence shows, if the plaintiff was entitled to recover at all, she was entitled to recover, approximately 85 cents per day for four days, aggregating $3.40, for loss of service. So the rule applied in Roll v. Dockery, 219 Ala. 374, 122 So. 630, 631, 65 A.L.R. 1473, "when the verdict is against plaintiff's right of recovery, a ruling of the court upon the admission of evidence, or giving or refusing instructions relating to the amount of recoverable damages, cannot be the basis of reversal. Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 94 So. 721; Brothers v. Norris, 209 Ala. 426, 96 So. 328; Orr v. Burleson, 214 Ala. 257, 107 So. 825", is applicable here.

In Lunsford v. Dietrich, 85 Ala. 496, 497, 5 So. 355, it was observed:

"The plaintiff in this action sued the defendant (the appellee) for wrongfully destroying certain papers, or plans and specifications for a building, which was in the process of construction by plaintiff in Birmingham, Ala. The defendant claimed that these papers were his property, and not the plaintiff's, and the main issue of fact on the trial seems to have been, which of the parties litigant, the plaintiff or the defendant, were entitled to the ownership of the papers. The jury found a verdict for the defendant, the necessary intendment of which is, that the property in controversy belonged to the defendant, and that he was guilty of no trespass in taking it. The judgment based on this verdict is certainly conclusive of the fact that the plaintiff was entitled to no damages whatever; not even to nominal damages, which necessarily follow the invasion or violation of every legal right, for it is settled that every legal injury must import a damage. Trustees [of Howard College] v. Turner, 71 Ala. 429 [46 Amer.Rep. 326]; 3 Brick. Dig. 293, § 1; 1 Suth. Dam. 9.

"In view of the foregoing consideration, it is apparent that the plaintiff could not be entitled to recover for any special damages, incident to the alleged trespass, if there was in fact no trespass committed, or no wrongful act which would justify the recovery of any general damages, even nominal in their character."

Numerous cases are cited to the same effect in 2 Alabama Digest, Appeal and Error, pp. 948–950, ☞1068 (4).

The "modern rule" adverted to in the majority opinion is that "fiction of loss of service is not essential to an action for the abduction of a child." 72 A.L.R. 848. In one of the leading cases applying that rule it was observed: " 'She [the grandmother of a bastard child] has the right to the custody and control of the child, which came naturally, peaceably, and exclusively into her possession from its mother, if not to the same degree and to the same extent as if it were her own, at least to such a degree as to be entitled to protection against interference by a stranger who shows no higher right. She is entitled to its possession, and, when the defendant unlawfully deprived her of that possession, he was guilty of such a physical invasion of her rights as constitutes an actionable wrong. * * * The law presumes general damages from such a wrong, and the plaintiff says that she is entitled to punitive damages. * * * But in any event the plaintiff is entitled to recover, for the physical invasion of her right of possession as a parent, nominal damages, if no more; and under the allegations of this petition, from which it appears that the violation as alleged is flagrant, the jury would have the right to punish the offender in exemplary damages. * * * ' " 72 A.L.R. 849; Selman v. Barnett, 4 Ga. App. 375, 61 S.E. 501.

And the authorities seem to be agreed that when the parent establishes the right to recover damages for the invasion of the parent's rights, even though nominal, damages for mental anguish may be super added. 39 Am.Juris. p. 717–719, §§ 74, 75.

The jury's verdict being against the right of recovery in the face of the undisputed evidence showing loss of service, the rulings of the court eliminating other elements of damages should be pronounced error without injury, and the judgment affirmed.

GARDNER, C. J., concurs.