The plaintiffs sued a minor and his parents, seeking damages for an alleged intentional or malicious interference with the plaintiffs' custodial rights as the parents of their minor daughter. The plaintiffs alleged that the minor defendant had repeatedly taken their minor daughter from their custody and attempted to hide her while they desperately searched for her. The basis of the plaintiffs' claims against the minor defendant's parents is that the minor defendant's parents conspired with their son to interfere with the plaintiffs' custody of their minor daughter, that the minor defendant's parents facilitated his repeated takings of their daughter over a several-month period, and that the minor defendant's parents hid the plaintiffs' minor daughter at their house on more than one occasion while lying to the plaintiffs about their knowledge of the whereabouts of the plaintiffs' minor daughter.
The defendants moved, under A.R.Civ.P. 12(b)(6), to dismiss for failure to state a cause of action. The trial judge granted the motion. The plaintiffs appealed from the dismissal.
In Rice v. United Ins. Co. of America, 465 So.2d 1100
(Ala. 1984), this Court held:
 "[W]e follow . . . the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief under some cognizable theory of law. In reviewing that issue, this court does not contemplate the likelihood of the plaintiff's prevailing on the facts; rather, all allegations are construed in the light most favorable to [the plaintiff], and all doubts are resolved in her favor."
465 So.2d at 1101.
According to the plaintiffs' allegations, which for purposes of this appeal we must accept as true, the following events occurred: *Page 789 
On December 10, 1993, the plaintiffs' minor daughter first disappeared. From December 10 until December 12, when their minor daughter was located, the minor defendant repeatedly told the plaintiffs that he had no knowledge of their daughter's whereabouts, while he actually did have such knowledge. On January 8, 1994, the minor defendant helped the minor daughter to run away from home and hid her in the Orange Grove Projects in Mobile until she was discovered the next day. She had to be taken immediately to a hospital because of a severe kidney infection. On January 14, 1994, the minor defendant removed the plaintiffs' daughter from the hospital, against medical advice. The defendant parents allowed the minor defendant to use their vehicle to remove the minor daughter. On January 17, the minor defendant held the plaintiffs' daughter at his parents' home, against the plaintiffs' demands to return their daughter, until he learned that the Mobile police were coming to remove her. Even though the minor defendant's parents knew that the police were on the way to pick up the girl, they allowed their son, the minor defendant, to leave with the plaintiffs' minor daughter and to hide her until the next morning, when she was found. On January 19, 1994, the minor defendant's parents allowed their son to use their car to drive to the Atlanta airport to attempt to intercept the plaintiffs' daughter, who was on an airplane bound for Connecticut to stay with her grandmother. The plaintiffs were able to drive to Atlanta and prevent the minor defendant from doing so. The minor defendant conspired with his parents and others to bring the plaintiffs' daughter back from Connecticut. On February 20, 1994, the minor defendant, with his parents' consent, took the plaintiffs' minor daughter from Connecticut, brought her back, and held her for eight days against her parents' wishes. Subsequently, the daughter was admitted to Charter Hospital in Mobile and then released to the care of social workers at the Home of Grace, also in Mobile. With the approval of his parents, the minor defendant took the plaintiffs' daughter from the Home of Grace and held her for four days. The plaintiffs then felt compelled by the circumstances to put their daughter in the Strickland Youth Center, where she stayed until April 14, 1994. On April 15, 1994, the minor defendant paid the fare for the plaintiffs' minor daughter to travel to Pine Bluff, Arkansas. When she finally agreed to return on April 23, 1994, she was put in the Mobile Crisis Center. The minor defendant removed her from the Crisis Center, without the plaintiffs' permission, in the early morning hours of April 24, 1994. On or about May 2, the minor defendant's parents allowed the plaintiffs' daughter, who was still missing, to stay at their residence, even though they knew that the plaintiffs were frantically searching for her. The plaintiffs further alleged that this pattern of wrongful conduct caused them to suffer severe emotional distress and to incur expenses.
Restatement (Second) of Torts, § 700 (1977), states:
 "[A person who], with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent . . ., is subject to liability to the parent."
Section 700 does not create a new cause of action unknown to the common law. It accurately reflects the common law principle that "parents have a right to the care, custody, services and companionship of their minor children, and [that] when they are wrongfully deprived thereof by another, they have an action therefor." Steward v. Gold Medal Shows, 244 Ala. 583, 586,14 So.2d 549, 552 (1943) (citing Tavlinsky v. Ringling Bros.Circus Co., 113 Neb. 632, 204 N.W. 388 (1925)). At least one third of American jurisdictions, including Alabama, accept the legal principle set out in § 700 and recognize a cause of action for intentional or malicious interference with custodial relations.[1] *Page 790 
In the case of Armstrong v. McDonald, 39 Ala. App. 485,103 So.2d 818 (1958), a mother sued persons who had persuaded her minor son "to leave his home with her in Baldwin County, Alabama, to go to Maryland as a migratory farm worker without any express consent by the mother." 39 Ala. App. at 486,103 So.2d at 819. While in Maryland, the boy "went swimming and drowned." Id. The Court of Appeals affirmed a jury's award of $700 in damages to the mother, citing § 700 of the firstRestatement of Torts. The Court of Appeals stated, "[W]e do not consider this a wrongful death action . . .; here the plaintiff complains of the taking away, not of the killing."39 Ala. App. at 489, 103 So.2d at 822-23. "A parent who has the right to the custody, control, and services of a minor child may maintain an action for damages against anyone who unlawfully entices away or harbors such child." 39 Ala. App. at 487, 103 So.2d at 820
(quoting 67 C.J.S. Parent and Child § 101).
To state a claim of intentional or malicious custodial interference, a plaintiff need only plead facts tending to show:
 "(1) [S]ome active or affirmative effort by [the] defendant to detract the child from the parent's custody or service, (2) [that] the enticing or harboring [was] willful, [and] (3) [that the enticing or harboring was done] with notice or knowledge that the child had a parent whose rights were thereby invaded."
67A C.J.S. Parent and Child § 131, p. 513 (1978) (citing Kipperv. Vokolek, 546 S.W.2d 521 (Mo.Ct.App. 1977)). After reviewing the pleadings in this case, we conclude that the plaintiffs sufficiently pleaded facts that if proven would entitle them to recover for intentional or malicious custodial interference against both the minor defendant and his codefendant parents.
We therefore reverse the order of dismissal and remand this case for further proceedings.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
[1] See, e.g., Steward v. Gold Medal Shows, 244 Ala. 583,14 So.2d 549 (1943); Surina v. Lucey, 168 Cal.App.3d 539,214 Cal.Rptr. 509 (1985); D D Fuller CATV Construction, Inc. v. Pace,780 P.2d 520 (Colo. 1989); Mathews v. Murray, 101 Ga. App. 216,113 S.E.2d 232 (1960); Montgomery v. Crum, 199 Ind. 660,161 N.E. 251 (1928); Wood v. Wood, 338 N.W.2d 123 (Iowa 1983);Spencer v. Terebelo, 373 So.2d 200 (La.App. 1979); Brown v.Brown, 338 Mich. 492, 61 N.W.2d 656 (1953); Plante v. Engel,124 N.H. 213, 469 A.2d 1299 (1983); Howell v. Howell,162 N.C. 283, 78 S.E. 222 (1913); Clark v. Bayer, 32 Ohio St. 299
(1877); McBride v. Magnuson, 282 Or. 433, 578 P.2d 1259 (1978);Bedard v. Notre Dame Hospital, 89 R.I. 195, 151 A.2d 690
(1959); Silcott v. Oglesby, 721 S.W.2d 290 (Tex. 1986).