*25 Opinion op the Court,
Jí. Boyle.
r_~ Cll - . - .to _ 5j o* -+>3' °i £ p^s* 9. *t> ÍX- 3 cr- re ^ .w. p ft. cr o,? pí’tL 2 s' ? i-i sS"'# g cr®*uo5 n 3 2'^“ !=33-§§'€' CD rt-23 CD Cu^.w “.•-o- CO {?S Í» 3.5 >*j SP ^ gv CD ^ o a -• 3 £L o. pr S. s 2' C CD g5!5'» titfg * SÉre^ *-«5" 2 §.<§ p. p a \g o**? -o, CL, &<»9 isf 8-P-3*g o D a Áicotir2*! u "a o S o oJ 5^ o 3>s' °i |*aS £ 53 ■o^p ” ^ <® - -- O 9* CD ; HT.-rk 3 ft E£r * ir rtS ffL W> O ¿5 r-t- ■ co "*t5 ■ cr -• 4'Svf:* 2-3 ScéS-'® «‘S P §■’ p' f CD S *S D |S-3 . fg 2 P .*-» SO V >v •— Q? *0 u fl , vu o a ^ CU o -Sc1 crq '.« 2 ,c& «-*- cr^ g .cr c? - 'cS r5 ra 8 'cL ^ o* b cr ^ ^ o_ rr , o o a a O _£2 ^ O ' o '-o ctí a 22 CD re 5 5? P-c¿ , ^ s u £ b - ■S-S 5 —* c — .2 cc pj V ^ s eT ^“o is Q O o- P p ^ . C^CTQ O v " .£^1 , , Cft • 2j.-t6 CD-13, p.-o ai-'T- 2 re.' g. < cy^o 3 p p _ C-P pg g JS o O ■ ‘ Ü «vX! ,(*0 . • r** B5 S £ •• bDu ^ Q-t 5 !=5 T3 ° J5 O -O c 5a &p n.g g. S’ 2 -c 2 -a " o 1*^03 § ? hí CD jr Ctj - - * g »^2 1 o i cu «2: co CD •O. ; O O ft, cdhs. «c «- ¡-j, ■ cató «.Yo ?o CO < cr CD rt* <j ’ CD p* o ^-<3^ > — '* CD CD “ . CO j/n r-* *-j£re’ftp ' p P o cSts-sTr B >% cí2^3ir¿sP2H.pJ09? cd a> ^ •» 5. p ?ra3 p. h* 3: i->_^ j P tw 18 ^-3 ro’ o o CLb tg *-1 Q-*r? - C3 O "» ^ Ó 2“ CD* ^ *-<i S CD P~ - r> C-> P » re re" 21- 2" s w' P ij » rf- re ^ £5- Sf“.'C, Í3T. 5TV d* ^ p 2 d" «-*• «■ S' 2 cr> hr) ^ O.. ^-^3 CD p* 5* P E3 CO c O CD Q. *3 - CD ' ^ oj CD ® "“-J “ §‘;i?ss o ft pr; a S^re re £- * ’ & g’. 9 g
g1 J3’ p p s' "~ 4 ’" Bj ÍB CD H 2fV§ -•- pvr-CO se a wa-'víí-Gi'Br <; ^ S- ^ cr (Tj o ^ u,0 B —< v-á ^ O. £• CO p s CD •*? CD ,<£$ 8 g- § o’. H CD a ; ‘ . . C3 TcP 5“ a H
■c- Ob’ 2 tej B.®q 3* O <CLj Si bo a ¡'■COi ’>’Xi * w. <1> iv'CtJ t- *- CD.12 - ■ o o p •d, -cl, g ^ “ ^ ® tf 3--re C. 63 ? - *26 his son and herjj.'v&t’ho'utjjjie fath-jir’s,, consent, .'whereby during thé corithiua'ncéi of tjio^e^’te'm'sres^he lost th>e value,ofhismarria,ge, was,,tljereibre, á civil injury,'for which an áctiop Wó^ld'íie», But by t|e abolition* of military tenuresi&Jis'ipjury has ceased, together with ^ie uP°n which it was founded, and as this right did exist as to his oth'er children, it is clear that action will now lié by the father for marrying any of c^ddren without his consent.
anDo^ReT 293. °m' 6 '
The declaration,'however, in this case, charges the-defendants not only .with procuring the marriage of the plah)tiff’l(|aughter'Swithout her consent; but with en-f*cing her'daughter away from her, whereby she lost her service.
Whether Ihis.lSsfis a civil injury for which an action will lie, is more problematical. It is conceded on all hands, that prior to the abolition of military tenures, a father might maintain an action for the abdu&tion of his son an.d heir at law; but there was a difference of opinion whefheplhe.jpould do so for the abductionfoí’ any other child Beside^he heir; some holding that h@l|ould not, upon the suppbsUionfthat the only ground or cause of áction, ivas losing the value of the heir’s marriage; and others holding, that an action would lie for taking away "any of the children, because the parent had an interest in them alf. This difference of opinion amongst thejurists of England, was never settled by any direct adjudication of the courts of that country, even up to the time when Blackstone published his commentaries. He‘? however, thought that the action might maintained for the .abduction of any of the children,and ^vo’ ^'s appears to be the-better opinion, being m9re consistent with analogy and with the reason of the law. If, as was'supposéd by those who maintained the opinion that an action jyould not lie for the abduction of any child except.the heir, the injury consisted in the loss of the value of the heir’s marriage, the writ given in such case, would have mentioned the loss of the value of the marriage, or some fact from which the loss would have been necessarjiy implied; but in the form of the writ given in Fitzkerbertfs Ff. Brevium page 90, which was allowed by law,in such case,, there is no mention of the loss of the value of tljp marriage, nor of .any- fact from which it coul<&be necessarily implied. The writ goes for (he abduction only, and there might be an ab- *27 ypn'g tf^arebi. Carriage,%nd wfe which thé" writ: rthat <^f thé .injury the ser.vice oí his¡t be a fight to' the ground' fch*k'n$;hat of íBe..abducüó1S bydhé lojlf of the valu&iof the heir.1 tan conceive ofrno other ground ■ could have t>een allowed bsdaw, . done tq the right of the parent | ■ child. If he has'such a right, it _ services,-of all the children equally ’ a^d that he has such-right, there can be no doubt. It ispa- right which grows necessarily out of the reciprocal reEjaiion of parent and. child. The parent is bound to máffitai.n, to protect and to educate his children, and in return he ’is entitled to-their obedience and service. It ishjpon ’this principle, he has been allowed to maintaii?-á|£líttion for a loss of V* service, occasioned by beating or imprisoning his child,, or by ^eS'auching and getting his daughter with child j and upon the'same principle, he mifst have aright to ^c°W (or a ^oss serv'ce °ccasi^ied by the abduc-tionjB his child. The right to ma|)tam an action for -i- injuries of this sort, no doubt belongtjexqlusively to the „ father during his life; but after^lig^eath, thé mother being the only parent, is, in conteri|Paiion of law, guardian by nature to the children, in^tfljich relation she is bound to them by the same dutiesJafid has in them the same rights, as the father duringmifriife, unless there be some other guardian appointed — ..Hargrave, Note 66 to Co. Lit. 74. The plaintiff ip fhis case, after the marriage of her daughter, could- 4ave no right to her f services; for the marriage, thoug^jjjfkicured by unlaw- - ful means, was, nevertheless, validated, unquestionably i gav% to the husband of the danghref^ from the time it . tqok place, a right to her company and services. But i? this is a matter which goes only in ^extenuation of the^ • *'q.ua$tyin of recovery, and does dot c&ling-uish the.- right ^ recover for the loss of services which had-previously > happened. The injury, therefore^® one for which, an, action yvill lie. y
• The-next .question involved in th|-assignroent of error which we shall.notice, is, wheltier.the action, ought not to have been trespass viet arryis,'instead of trespass qn "the case. ■ "i
'I’raere might have been somu,d.0qhtif the loss of ser- • yiee' had 'been occasioned by taking-áway the daugh *28 ter of^theplairjijirjby force, vvhether tfye action should nótbpye beenftresga^s.TO’ eiarmir. sEven mthaPcase^ howe^^.thpr^are .strong reasons in favor ofbringing it upon’ytne casé-^SegR .Tidd’s Practice 6; But as no forcible taking is alleged here,-and the loss 'of service appeárs to Have b^^oocasioned by enticipg her away? the action tyoon theP-caseis^elearly'proper.
The only other cjtaestion.presented by the assignment of error which we é|áll notice, grows out of (he exception taken by the.defendant, to the rejection by the circuit court of Ford said wife as- witnesses. In this we think that court efj%d. The declaration of Ford out of court, and when 1R)t upon oath, that he had to pay the damages or part of them, was but mere hearsay, and evidently incompetent to prove his interest. Ford should have been 'swjorn on his voire dire, or other competent evidence of his interest should have been introduced, beforehe-coald have been excluded.
The judgment rríóst be reversed with costs, and the cause remanded forja new trial to be had, not inqpnsii» tent with this opinion. '