MALINDA ARNOLD, Respondent, v. ST. LOUIS &
SAN FRANCISCO RAILROAD COMPANY, Ap-
pellant.

St. Louis Court of Appeals, April 14, 1903.

1. **Parent and Child**: DECOYING MINOR FROM HOME: DAM-
AGES: PROOF DOES NOT SUSTAIN CHARGE.   Action to re-
cover damages for wrongfully decoying a minor son from home
whereby his mother was deprived of his services, which she claimed
were reasonably worth one dollar per day, but as the evidence failed
to show that her son was unlawfully enticed or decoyed from home,
she was not entitled to recover.

2. ———: ———.   One who knowingly and designedly decoys a minor
from his home so as to deprive the parents of his services, or har-
bors a minor who has left home against the will of his parents, com-
mits a tort and is answerable in damages to such parent therefor.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED.

*L. F. Parker, J. T. Woodruff* and *W. J. Orr* for appellant.

(1) The statement of plaintiff's cause of action is insufficient. Dunn v. Railroad, 21 Mo. App. 204; Whitehead v. Railroad, 22 Mo. App. 65; Matthews v. Railroad, 26 Mo. App. 84; Hennessey v. Railroad, 63 Mo. App. 116; Bishop, Non-Contract Law, secs. 369, 372, 377; Addison on Torts, p. 511; Schouler, Domestic Relations, sec. 260. (2) There was an entire failure of proof of the cause of action alleged, or of any right to recover. (3) The court erred in refusing to grant defendant's demurrer to the evidence.

GOODE, J.—This action was instituted by the plaintiff before a justice of the peace to recover damages from defendant for wrongfully decoying her minor son from home and transporting him to the Indian Territory, by which act plaintiff, who is the natural guardian of said minor and entitled to his services, says she was deprived of them and that they were of the reasonable value of one dollar a day.

From the justice's court the case was appealed to the circuit court, where judgment was rendered against the defendant and an appeal prosecuted to this court.

The evidence of the plaintiff is that she is a widow and that her son's wages were used for the support of the family. The family resided in the town of Mansfield, in Wright county, Missouri, and she gave her son permission to go to the town of Monett, in Barry county, to get work; but instead of going to Monett, he met an acquaintance, Judge R. T. Rippee, who told him that a man by the name of Moses Gray wanted to get up an extra gang of men to go to the Indian Territory to work

for the defendant company and would furnish them with transportation. John Arnold, the minor, joined this gang of men without solicitation, went to the Territory, worked for two weeks and returned home.

Such is the substance of the testimony and it is manifest that the defendant did no wrong and in no sense decoyed the plaintiff's son from home. In fact she gave him permission to go a good way from home to find work, and after he left he went further.

One who knowingly and designedly decoys a minor from his home so as to deprive the parents of his services, or harbors a minor who has left home against the will of his parents, commits a tort and is answerable. But the facts before us lack every element of that kind of a case, the essence of which is an unlawful enticement of a minor from home or harboring him after he leaves home. Jones v. Tevis, 4 Litt. 25; Butterfield v. Ashley, 6 Cush. 249; Sargent v. Mathewson, 8 N. H. 54. The defendant in this case plainly never enticed John Arnold or harbored him after he left home with the design of interfering with his mother's parental authority over him.

The judgment is, therefore, reversed. All concur.