Case 70.—ACTION BY NANNIE SOPER AGAINST IGO, WAL-
KER & CO. FOR ENTICING HER INFANT BOY FROM HER
HOME.—November 29.

## Soper v. Igo, Walker & Co.

Appeal from Madison Circuit Court.

J. M. BENTON, Circiut Judge.

From a judgment sustaining a demurrer to the pe-
tition, plaintiff appeals.   Affirmed.

Parent and Child—Enticing Child From Home—Action by Mother
—An action for damages for enticing a minor to leave and
remain away from his home can not be maintained by his
mother, where the father is alive and resides with her.

J. A. SULLIVAN and J. TEVIS COBB for appellee.

(No brief in record for appellee.)

GRANT E. LILLY for appellant.

1. It is contended by defendants that the gravamen of the case
is the loss of the services of the child, which is broken by this
quasi abduction.   It is then contended that inasmuch as the father
has the absolute legal control of the child, that he alone can sue
for its abduction.

2. The gravamen of the case is more than the loss of the ser-
vices of the child.   There are six elements of damage: First,
loss of service; second, loss of companionship; third, loss of
custody or control; fourth, expenses incurred in good faith to
regain the child; fifth, mental anguish suffered for the loss of
the child; sixth, punitive damages.

3. The mother is as much entitled to the companionship of
the child as the father.   While the child can not serve in a double
capacity, it can love and be a companion to both parents.   Loss
of companionship is an element of damage.   A recovery by the
father for his loss of companionship would not compensate the
mother for her loss.   Consequently she is entitled to her action
for her loss.

4. Mental anguish suffered by the mother is a proper element of
damage.   On no principle of law known could the husband re-

cover for his wife's mental suffering. Everything that is personal to the wife is a right belonging to her, for an invasion of which she (under our Code) alone can sue.

5. Punitive Damages—While the recovery of punitive damages by the father is not a bar to the recovery of the same by the wife, still this question can not be raised by demurrer.

### AUTHORITIES CITED.

Kirkpatrick v. Lochart, 2 Brev., 276; Clark v. Bayer, 32 Ohio State, 299; 1 A. & E. Ency. Law, p. 167.

OPINION BY JUDGE NUNN—Affirming.

This is an appeal from a judgment of the lower court sustaining a demurrer to the petition of appellant. The petition is as follows: "The plaintiff says that she is a married woman, and her husband, Chas. Soper, is now living with her; and they were married in the year 1880. By this marriage they have several children, one of whom is named Thomas Daniel Soper, hereinafter called 'Dan.' On the 2d day of June, 1903, this infant boy, then aged about eighteen years, was induced, persuaded, enticed, helped, aided and assisted by certain designing persons to leave the home, bed and board of this plaintiff, all of which was against the knowledge, will and consent of herself and her husband, and the said Dan did, by reason of said wrongful acts, leave the home, bed and board of plaintiff, against her will, knowledge and consent, and against the knowledge, will or consent of her husband, by reason of which this plaintiff has lost the society and companionship of said infant and has suffered much mental distress and pain therefrom. Her said son has been kept by these defendants since said day in June until the present time against their will and consent, and said defendants and each of them knew that the said Dan had been induced, en-

ticed, persuaded, helped, aided and assisted away from this plaintiff's home without their knowledge, and against the will and consent of herself and her husband, and, knowing this, the said defendants wrongfully kept and harbored said Dan, in conjunction with C. H. Chenault, and gave him employment, all of which was against plaintiff's and her husband's will and consent, which wrongful harboring and keeping deprived, and now deprives, this plaintiff of his society and companionship, and from all of which she has suffered much mental distress and pain, and has expended money to recover the possession of her said son, in all to the sum of $5,000, for which she prays judgment, and for all proper relief."

The only question involved on this appeal is whether the mother can maintain an action like this when her husband and the father of her child is alive and resides with her. Ever since the marriage relation existed, the law has recognized the husband as the head of the family and enjoined upon him the duty of maintaining, educating and protecting his children, and in return for these duties he is entitled to their services, and it has always been the law that, if any one wrongfully abducts from the father one of his children, he can maintain an action against the wrongdoer for damages, based upon the principle that the father has the right to the services of his child, it matters not whether the child renders such services, and, having such a right upon which to base his action, he is not confined in a recovery to the loss of services alone, but may recover damages for injury to his feelings and the loss of the companionship of his child. We have been unable to find any case where a mother has been permitted to recover where her husband was alive and residing with her. It is true her suffering may

be as great or greater than that of her husband in being separated from her child, but the law has never recognized her right to the services of the child as against the right of the husband so long as they are living together. It is contended that they both should be permitted to sue and recover—the wife for her mental suffering, and the husband for loss of service and also mental suffering. This appears plausible; but the rule against it has existed for so long that it should not be changed, except by legislative enactment. If this court should sustain appellant's contention, and change the rule, and permit the appellant to recover in this action, it would, in effect, permit not only the mother, but the brothers and sisters, of the child each to recover damages for mental suffering and loss of companionship.

In the case of Jones & Gully v. Tevis, 4 Litt., 25, 14 Am. Dec., 98, the court said: * * * ''The parent is bound to maintain, to protect and to educate his children, and in return he is entitled to their obedience and service. It is upon this principle he has been allowed to maintain an action for a loss of service, occasioned by beating or imprisoning his child, * * * and upon the same principle he must have a right to recover for a loss of service occasioned by the abduction of his child. The right to maintain an action for injuries of this sort no doubt belongs exclusively to the father during his life; but after his death, the mother, being the only parent, is, in contemplation of law guardian by nature to the children, in which relation she is bound to them by the same duties, and has in them the same rights, as the father during his life. * * * (Trimble v. Spiller, 7 T. B. Mon., 394, 18 Am. Dec. 189; Union News Co. v. Morrow, 46 S. W., 6, 20 Ky. Law Rep., 302.)

Wherefore, the judgment is affirmed.

Petition by appellant for rehearing overruled.