CASE 8.—ACTION BY REBECCA F. WASHBURN AGAINST W.
J..ABRAMS AND ANOTHER FOR DAMAGES FOR
THE ALLLEGED DETENTION OF HER CHILDREN.—
February 16.

## Washburn v. Abrams, &c.

Appeal from Ballard Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for defendants. plaintiff appeals. Affirmed.

1. Parent and Child—Action for Loss of Services—Necessary Allegations—In an action by a parent for damages for the wrongful detention of his or her child, while it is not essential that the child should be capable of rendering service to the parent, the petition must allege not only that the parent has been wrongfully deprived of its services, but also that the parent suing is entitled to claim its services.
2. Action by Mother—Failure to Allege Death of Father—The right to the services of a child belongs exclusively to the father during his life, and the mother cannot maintain an action for the child's abduction or detention, or for loss of its services, without alleging the death of the father.

J. B. WICKLIFFE for appellant.

It will be noticed from the pleading in this case that appellant's children were taken from her nearly three years ago, that the cruel disposition and plans which appellees have used to deprive her of being even occasionally with them; that appellees have even threatened to send them to Europe rather than let her see them. This conduct is certainly wilfull and malicious and done with the express purpose to humiliate and wound the feelings of the appellant, and by reason of which they have caused appellant to undergo great mental pain and suffering and humiliation, for which she is entitled to recover damages. (Stapleton v. Poynter, 111 Ky., 264; Soper v. Igo Walker, &c., 28 L. R., 519.

ROBBINS & THOMAS for appellees.

JACOB CORBETT and O'NEAL & O'NEAL of counsel.

1. From an investigation we have reached the conclusion that in a case like this no respectable authority can be found which permits a recovery in damages without the allegation of loss of service.

2. If appellant's infant children have been unlawfully taken from her she may speedily recover their possession and custody; if wrongfully detained, by recourse to the writ of habeas corpus, and then the court would investigate and·determine what would be best for the children.

3. This is a controversy between the mother·on the one side and the grand-mother and uncle of the children on the other side The facts do not sufficiently appear for a determination on the merits of the controversy. In failing to allege any loss of service the. petition is thereby rendered defective, and the demurrer thereto was properly sustained.

### AUTHORITIES CITED.

McGee c. Holland, 3 Dutcher, 86; Vaughn v. Rhodes, 13 Am Decisions; Cooley on Torts, 228; Jones & Gully v. Tevis, 4 Litt., 25; Ky. Stats., section 2; Wilhoit v. Hancock, 5 Bush, 567; Ellis v. Jesup, 11 Bush, 403; Am. and Eng. Ency. of Law, Vol. 17, 370

OPINION BY JUDGE STEELE—Affirming

Appellant sought by this action to recover of appellees, W. J. Abram and Eugenia Turner, damages for the alleged unlawful detention by them of her three children—Carrie E. Turner, aged 14 years; Henry Turner, 10 years; and W. J. Turner, 8 years. The allegations of the petition as amended were, in substance, that appellant permitted her daughter, Carrie E. Turner, to visit appellees, with the expectation that they would allow her to return home when appellant desired her to do so, but that appellees refused to let her return, or to let appellant visit her, and likewise refused to let the daughter write to appellant,

or receive her letters, and were keeping her in their custody and control against the desire and wishes of appellant; that appellee W. J. Abram went to appellant's house and without her knowledge or consent took charge of her two sons, Henry L. Turner and W. J. Turner, and carried them to Jefferson county, where they are now without appellant's consent unlawfully kept and detained with her daughter by the appellees, W. J. Abram and Eugenia Turner, who refuse to permit appellant to see her children, or know where they are, and threaten to carry them all to Europe rather than let them go to appellant or see her; that the acts of appellees complained of were maliciously and unlawfully done, without appellant's consent, and for the purpose of depriving her of her children, and to wound and lacerate her feelings, and she was thereby deprived of them, and her feelings wounded, to her damage in the sum of $50,000. By the prayer of the petition, judgment was asked against appellees for the amount of damages claimed, but not for the return to appellant of her children. Appellees filed a general demurrer to the petition as amended, which the court sustained. Appellant refusing to plead further, the action was dismissed, and from the judgment sustaining the demurrer and dismissing her petition she has appealed.

The single question presented by the record for our consideration is, does the petition state a cause of action? It will be observed that the petition does not allege any damage from the loss to appellant of the society or services of her children, or that she had any right to their services. Her only complaint was that by the malicious and wrongful acts of appellees her children were kept from and not allowed to

communicate with her, or she with them, whereby her feelings were lacerated and wounded, to her damage in the sum claimed. The common-law rule in respect to cases of this character is that the right of the parent to recover is based on the loss of the child's services. Jones and Cully v. Tevis, 4 Litt. (Ky.) 25, 14 Am. Dec 98. On this subject, Judge Cooley, in his work on Torts, at page 228, says: "The injury which one may suffer in the relation of parent seems at the common law to be limited to an action for the recovery of damages for being deprived of the child's services. The action is, therefore, planted rather upon a loss in the character of the master of a servant than in that of the head of a family. This sometimes leads to results which are extraordinary, for it seems to follow as a necessary consequence that, if the child from want of maturity or other cause is incapable of rendering any service, the parent can suffer no pecuniary injury, and therefore can maintain no action when the child is abducted or injured. Such have been the decisions."

The learned author here states the common-law doctrine in its naked form, and the harsh consequences possible from the narrow interpretation formerly given it; but such an extraordinary application of it as he suggests is not allowable under the modern decisions. While the courts yet adhere to the old principle that the loss of services is the foundation for the action, it is not essential that the child should be capable of rendering service to the parent, but only that the parent has the right to claim the services of the child. While some of the more recent authorities hold that, to enable a parent to maintain an action for an injury to, or for harboring or en-

ticing his child, he must prove some loss of service, however slight, yet others hold that in such a case no evidence of service is necessary beyond that which the law will imply as between parent and child. The doctrine in Ketnucky is thus stated by this court in Soper v. Igo, Walker & Co., 121 Ky.; 89 S. W., 538; 28 Ky. Law Rep., 519: "Ever since the marriage relation existed, the law has recognized the husband as the head of the family, and enjoined upon him the duty of maintaining, educating, and protecting his children, and in return for these duties he is entitled to their services; and it has always been the law that, if any one wrongfully abducts from the father one of his children, he can maintain an action against the wrongdoer for damages based upon the principle that the father has the right to the services of his child. It matters not whether the child renders such services; and, having such a right upon which to base his action, he is not confined in a recovery to the loss of services alone, but may recover damages for injury to his feelings and the loss of companionship of his child."

We are, however, of opinion that the lower court ruled properly in sustaining the demurrer to the petition, as it should have alleged that appellant had, by the wrongful acts of appellees, been deprived of the service of her children, and that she was entitled to their services. Furthermore, the petition does not show a right in appellant to maintain the action. In Soper v. Igo, Walker & Co., supra, it was held that the mother of an abducted child, although as much entitled to his services, and as subject to mental suffering from the loss of his society, as the husband and father, could not in her own right main-

tain an action against the abductor, where her husband, the father of the child, was alive and residing with her, as the right of action belongs exclusively to the father during his life. We learn from the briefs of counsel that H. Turner was the father of appellant's children and her husband, that he is dead, and that the appellee Eugenia Turner is the grandmother, and the appellee Abram the uncle-in-law, of the children; but none of these facts appear in the petition. Though neither the petition or briefs so state, we infer, from the change of appellant's surname from Turner to Washburn, that she contracted a second marriage, or resumed her maiden name by judgment of divorce from the first husband; but none of these facts were brought to the judicial knowledge of the court. If as a matter of fact appellant is the widow of the father of her children, and they are not legally in the custody of appellees, she as surviving parent, being entitled to their services and society, may maintain such an action as the one here attempted; but to enable her to do so the facts as indicated should be made to affirmatively appear from the statements of the petition. The omission from the petition of these essential facts justified the action of the lower court in sustaining the demurrer.

Judgment affirmed.