## Meredith v. Buster and Childress.

(Decided June 16, 1925.)

### Appeal from Madison Circuit Court.

1. Parent and Child—Father Entitled to Legal Redress for Wrongful Inducement or Persuasion of Minor Child to Leave Him.— Father is entitled to custody, companionship, earnings, and services of his minor child, and inducement or wrongful persuasion of such child to leave him, or employment thereof against his wishes, is tort, for which he may have redress at law.

2. Abduction—Parent's Right of Action for Abduction of Children Founded on Loss of Services, or Expenses and Trouble in Curing Them.—Parent's right of action for abduction, as well as for physical injury of his children, must be founded on loss of their services, or for actual expenses and trouble in curing them, while minors under his roof.

3. Abduction—Petition in Father's Action for Abduction of Minor Daughter Held Sufficient.—In father's suit for abduction of minor daughter, petition alleging their relationship, her age, residence in his home, and wrongful abduction by defendants acting together, his right to her services, companionship, and association, and deprivation thereof by defendants' wrongful conduct, and expenditure of time and money, to his damage in stated sum, to secure her return, held sufficient on demurrer.

MILTON CLARK for appellant.

M. M. LOGAN and B. M. VINCENT for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This suit was commenced by appellant, Meredith, against appellees, Buster and Childress, in the Edmonson circuit court to recover damages for the wrongful abduction of the infant daughter of Meredith by Buster and Childress, it being alleged that on 22nd of April, 1924, the appellee, Buster, aided and abetted by appellee Childress, "unlawfully, wrongfully and without the knowledge and consent of this plaintiff, abducted plaintiff's said daughter, Anna Meredith, and unlawfully and wilfully and without the knowledge or consent of the plaintiff, induced her away from plaintiff's home for the purpose of having her married to the defendant, Joe Buster, without the knowledge or consent of plaintiff." After reciting other facts it is averred in the petition:

"Plaintiff says that he is and was entitled to the services of his said daughter and is and was entitled to enjoy her companionship and association and is and was entitled to enjoy the high esteem and good reputation of his said daughter she had established in the community where she was reared.

"Plaintiff says that because of the unlawful and wrongful abduction of his said daughter as herein set out by the defendants and the attempt of the defendant, Joe Buster, to unlawfully marry her, plaintiff has been and was deprived of her services and has been and was unlawfully and wrongfully and without his consent deprived of the companionship and association of his said daughter, to his great grief and distress of mind and because of the unlawful and wrongful abduction of his said daughter by defendants as aforesaid and the attempt of the defendant, Joe Buster, to marry her in view of said Buster's unsavory reputation and unsuitable situation and condition, plaintiff was and has been greatly annoyed and humiliated and suffered great mental anguish and humiliation, all to his damage in the sum of one thousand dollars ($1,000.00).

"Plaintiff says that in his effort to secure the return of his daughter to his home he expended time and money to his damage in the sum of one hundred dollars, and that such sum was expended by plaintiff on account of the wrongful and unlaw-

ful abduction of his daughter as aforesaid by defendants and that he did secure the return of his said daughter to his home by the expenditure of said money and time.''

A general demurrer was sustained to the petition and when appellant, Meredith, declined to further plead his cause was dismissed and he appeals.

It will be observed that the petition avers that Meredith was deprived of the services of his daughter and that he was deprived of her companionship and association which caused him grief and humiliation, all resulting from the wrongful abduction committed by appellees and of which he complains in the petition.

The generally accepted rule recognizes the father's right to the custody and companionship of his infant children. He is likewise entitled to the earnings and services of his minor child.

"The inducement or wrongful persuasion of a child to leave its father, or employing a child against its father's wishes is also a tort for which the father may have redress at law.'' 20 R. C. L. 614.

"It is now held that a parent's right of action for the abduction as well as for the physical injury of his children must be founded on the loss of their services, or for actual expenses and trouble in curing them, while minors under his roof.'' 20 R. C. L. 618.

Supporting this text is cited the cases of Jones v. Tevis, 4 Litt. 25, 7 T. B. Mon. 394, 18 Amer. Dec. 189; Soper v. Igo, 121 Ky., 550. Other cases to the same effect are Washburn v. Ashburn, 90 S. W. 997; Union News Company v. Morrison, 46 S. W. 6.

It was held in the Washburn-Ashburn case, *supra*, that no recovery could be had because there was no averment that the parent had lost or been deprived of the services of the child. In the Soper-Igo case and others, it was held that where the parent is deprived of the services of a child he is entitled to recovery although no services would have been performed by the child, or the services would have been of no value.

Applying the rules stated in the foregoing cases to the averments of the petition before us, we are of opinion that the trial court erred in sustaining the demurrer to appellant's petiton and in dismissing it when he declined to further plead. The petition sets forth the fact that Anna Meredith is the daughter of plaintiff and

is less than twenty-one years of age, residing in his home and that she was wrongfully abducted by the defendants acting together; that he was entitled to her services, companionship and association and that he was deprived of these things by the wrongful conduct of appellees, Buster and Childress. It also contains an averment that the plaintiff in order to secure the return of his daughter expended time and money to his damage in the sum of $100.00.

We have not been favored with a brief for appellees, Buster and Childress, and the learned trial judge in sustaining the demurrer to the petition omitted to state upon what ground the demurrer was sustained. We are unable to tell from the record upon what theory of the case the court came to the conclusion that the averments of the petition, which appear to the court ample, were not sufficient to support a cause of action against appellees, Buster and Childress. For the reasons indicated the judgment is reversed with directions to overrule the demurrer and for such other proceedings as the parties may desire to take in reaching an issue in the preparation of the case.

Judgment reversed.