Allen B. KIPPER, Plaintiff-Appellant,

v.

John VOKOLEK, Defendant-Respondent,

and

Dorothy Adele Vokolek, Defendant-Respondent.

No. 10057.

Missouri Court of Appeals, Springfield District.

Jan. 13, 1977.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 31, 1977.

Application to Transfer Denied March 14, 1977.

Jack L. Eisen, Joplin, Michael J. Maloney, Popham, Popham, Conway, Sweeny & Fremont, P. C., Kansas City, for plaintiff-appellant.

Henry L. Graf, Kansas City, for John Vokolek.

James H. McTurnan, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for Dorothy Adele Vokolek.

TITUS, Judge.

█ Plaintiff sued defendants, John and Dorothy Vokolek, in the Circuit Court of Jasper County seeking money damages and equitable relief because of defendants' alleged tort of unlawfully decoying or enticing away or harboring his two minor daughters against his will. Defendants filed separate motions to dismiss the petition for failure to state a claim upon which relief could be granted. Rule 55.27(a)(6).[1] During a hearing on the motions the court sustained them and judgment was entered accordingly. Plaintiff erroneously filed notice of appeal "from the Order sustaining defendants' motion to dismiss," which is a nonappealable order. § 512.020. The appeal should have been taken from the judgment, not the order. *City of Sikeston v. Missouri Utilities Co.*, 526 S.W.2d 401–402[1, 2] (Mo.App.1975). Nonetheless, as we attribute to plaintiff a good faith effort to appeal from the judgment, the notice of appeal will be so treated. *In Interest of R. L. P.*, 536 S.W.2d 41, 43[7] (Mo.App.1976); *World Franchisers, Inc. v. Birk*, 456 S.W.2d 606, 607[2] (Mo.App.1970).

█ Our initial concern is with defendant Dorothy Vokolek's motion to supplement the transcript on appeal with the "Findings of Fact, Conclusions of Law, and Judgment of Contempt," made and entered by the Circuit Court of Jackson County at Independence on January 28, 1974, in a criminal contempt proceeding against defendant John Vokolek. See *Vokolek v. Carnes*, 512 S.W.2d 112 (Mo. banc 1974). We deny the motion.

Omitting the citations of authority, we quote with full approval what Judge Simeone had to say in *Laclede Gas Company v. Hampton Speedway Company*, 520 S.W.2d 625, 628–629[1–3] (Mo.App.1975).

---

1. References to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to Missouri Revised Statutes, V.A.M.S.

"It is elementary that an appellate court can review a cause only on the record presented. . . . The cases uniformly state that an appellate court must take the record as it comes without supplementation. . . . As to defendants' contention that the trial court treat the motion as one for summary judgment, defendants rely on . . . Rule 55.27(a) [which] provides that '. . . [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.' This rule authorizes the court to treat a motion to dismiss as a motion for summary judgment when matters outside the pleadings are presented and not excluded. This rule is identical to Federal Rule 12(b). While the trial court is authorized to treat the motion to dismiss as a motion for summary judgment, in interpreting this rule, federal cases have required as a minimum 'some indication by the court to "all parties" that it is treating . . . [a motion to dismiss for failure to state a claim] as a motion for summary judgment . . . .' . . . '. . . It is important that the court give the parties notice of the changed status of the motion [to dismiss] and a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56" [Rule 74.04]' . . . . This was not done here. There was no indication in this case that the trial court considered the motions to dismiss as ones for summary judgment under Rule 74.04. There is nothing in the record to show either that the trial court notified the parties that it was treating the motions as ones for summary judgment or that the parties were given reasonable opportunity to present all material per-

tinent to a motion for summary judgment. Rule 55.27."

■ Having concluded that sustention of the motions to dismiss for failure to state a claim was not done through a transformative process which changed the motions into ones seeking summary judgment, in considering the propriety vel non of the trial court's order we are confined to the face of the petition which we construe liberally and favorably to the plaintiff, according him the benefit of all inferences fairly deducible from the facts stated. *Hall v. Smith*, 355 S.W.2d 52, 55[1] (Mo.1962). If the averments of that pleading invoke principles of substantive law which may entitle plaintiff to relief, we must conclude the motions were improperly granted. *Ingalls v. Neufeld*, 487 S.W.2d 52, 54[4] (Mo.App.1972).

Count I of the petition says the involved minor children are those of plaintiff and defendant Dorothy Vokolek and that by reason of a divorce action in the Circuit Court of Jackson County, Missouri, at Independence, the children "were and are subject to the orders of the aforesaid court as to their custody." Plaintiff alleges that he obtained three orders from the Circuit Court of Jackson County, as follows:

*Order of October 31, 1973*—"On oral motion of [plaintiff] [2] and for good cause it is Ordered that [plaintiff] be, and he is hereby, granted custody of his daughters . . . for the purpose of bringing these children before the Court for further inquiry into the circumstances of their present custodial situation and the allegation of [plaintiff] that [defendant Dorothy Vokolek] intends to remove the children from this jurisdiction and transport them to a place of residency in British Hondouras [sic]. It is further Ordered that [plaintiff] report to the Court by 11:00 A.M. tomorrow with the children in his custody [and] that [defendant Dorothy Vokolek] be, and she is hereby, prohibited from removing the children from the State of Missouri."

**2.** Plaintiff in the instant action was the defendant in the divorce case. However, we have changed the designations used by the Circuit Court of Jackson County to make uniform our references to the parties in this opinion.

*Order of November 14, 1973*—"On oral motion of [plaintiff] and for good cause shown it is Ordered that [defendant Dorothy Vokolek] immediately turn over to [plaintiff] their two daughters . . . who are wards of this Court. It is further Ordered that [plaintiff] within one week after obtaining actual custody of [the children] bring them before the Court for further proceedings [and] that until [the children] are brought before the Court their father [plaintiff] shall have exclusive legal custody of them."

*Order of December 20, 1973*—"[Plaintiff's] motion for custody of [the children] having come on for evidentiary hearing on December 20, 1973, it is Ordered that [plaintiff's] motion be, and it is hereby sustained, and it is further Ordered that the custody of [the children] granted to [plaintiff] on October 31, 1973, pending further hearing is hereby made permanent, subject only to modification by further Order of this Court for good cause shown, and that [plaintiff's] obligation to make child support payments to [defendant Dorothy Vokolek] terminated on October 31, 1973."

The petition additionally avers that the order of October 31 was served on defendant Dorothy Vokolek "in the presence and knowledge of defendant John Vokolek," and that the order of November 14 was served on defendants in Corozal, British Honduras, where they were located with the children. It is not stated whether the last order of December 20 ever reached defendant's attention. The petition alleges, however, that defendants have never given plaintiff custody of the children, all "in defiance of the lawful orders" of the Circuit Court of Jackson County, and that by reason of defendants' "enticement and concealment" of the children, plaintiff has been and in the future will be required to expend substantial amounts of money to locate and regain custody of the children, that plaintiff has suffered "great anxiety and mental distress," and "has lost companionship and affection of the children as a result of the actions of the defendant [sic]." Count I

prays for $30,000 actual and $30,000 punitive damages against the defendants.

Count II of the petition realleges and incorporates by reference all allegations contained in Count I. It adds that because defendants are before the court with power to return the children to plaintiff, and because the court should afford to plaintiff "full, complete and adequate relief," the court should issue its "order that defendants herein produce the children into this court and that they be delivered to plaintiff."

 Reported cases dealing with the tort alleged by plaintiff usually involve actions instituted by parents or a parent against third persons. Thus, "[o]ne who knowingly and designedly decoys a minor from his home, so as to deprive the parents of his services, or harbors a minor who has left home against the will of his parents, commits a tort, and is answerable." *Arnold v. St. Louis & S. F. R. Co.*, 100 Mo.App. 470, 471–472, 74 S.W. 5 (1903). Absent a statute giving both parents joint and equal care and custody of minor children, it was earlier said that if the parents were living together the father was the proper parent to maintain the suit because he had the exclusive right over the mother to the child's services. However, if the father died or had waived or forfeited such a right, or when the parties were divorced and the mother had been awarded the care and custody of the child, then she was the proper party to sue. 67 C.J.S. Parent and Child § 101(b), p. 852. The tort may be actionable between parents of the child where, by proper judicial decree, the sole custody of the child has been awarded to one of the parents. In such instances, the parent not awarded custody may be liable to the other for the abduction of his own child, or may be liable to the other if, with knowledge that the child has left the home of the parent having custody against the latter's will, induces the child not to return thereto or prevents it from so doing. Restatement, Torts § 700. If one parent is guilty of the tort in question, a third person who aids, abets or conspires with the parent tortfeasor may also be lia-

ble to the parent who has been wronged. *Rosefield v. Rosefield*, 221 Cal.App.2d 431, 34 Cal.Rptr. 479, 482[6] (1963). On the other hand, it has been held that no cause of action based on the tort involved here would lie in favor of a father against a mother's having lawful custody of the child who removed it from the state to a foreign country. It was said that the father's relief would repose in a cause incidental to the matrimonial action [motion to modify] or by way of contempt, but not by an action for damages. *McGrady v. Rosenbaum*, 62 Misc.2d 182, 308 N.Y.S.2d 181, 187–188[4, 5] (1970), aff'd, 37 A.D.2d 917, 324 N.Y.S.2d 876 (1971). Under the rules stated, supra, there must be some affirmative act of decoying or enticing away in order to render one liable in an action based on enticement, and for one to be guilty of harboring, there should be proof of conduct which induces the child not to return to the parent having legal custody or which prevents the child from so doing. 59 Am.Jur.2d, Parent and Child, § 108, pp. 206–208; Restatement, Torts, supra. To prove an enticement, it is not necessary to show the child was in the actual possession of the parent having the right to legal custody when the abduction occurred. Where a petition alleged the child was only temporarily with the mother and that the father was entitled to custody when the mother took the child out of the court's jurisdiction and secreted it with the aid and assistance of a codefendant, it was ruled the petition stated a cause of action against the mother and her codefendant. *Howell v. Howell*, 162 N.C. 283, 78 S.E. 222, 224 (1913).

█ While the petition does not state in so many words that custody of the children was awarded to defendant Dorothy Vokolek, the mother, by the Circuit Court of Jackson County "by reason of a divorce action," we believe such a fact is reasonably inferable from the averments of the pleading. Therefore, as the parties have done in their briefs, we proceed on the basis that defendant Dorothy Vokolek was vested with legal custody of the children when plaintiff initially undertook to amass the orders of the Circuit Court of Jackson County as alleged in his petition, and that whether or not defendant Dorothy Vokolek, with the aid and assistance of defendant John Vokolek, unlawfully enticed the children away from plaintiff or unlawfully harbored them from plaintiff is dependent upon a determination of the validity vel non of one or more of the three orders of the Circuit Court of Jackson County. While we note that this action was commenced by plaintiff on November 9, 1973, or before the orders of November 14 and December 20 were made, we are obliged to consider all the orders, as the action was dismissed on the plaintiff's second amended petition filed March 21, 1974. We likewise observe that the operative facts in the instant case which occurred in the Circuit Court of Jackson County arose before the effective date (January 1, 1974) of the Dissolution of Marriage law. §§ 452.300 et seq.

█ An original decree of divorce and any proper modification thereof as it relates to the rights of the parties to custody of minor children are final and binding and cannot be disturbed except upon a proceeding and hearing for that purpose. *Hayes v. Hayes*, 363 Mo. 583, 589, 252 S.W.2d 323, 328[10] (1952). Assuming survival of all interested persons, the divorce court which awards child custody retains continued exclusive jurisdiction of the matter until the minor reaches majority. *Tripp v. Brawley*, 261 S.W.2d 508, 510[2] (Mo.App. 1953). A motion to modify a divorce decree to change a prior award of child custody is in the nature of an independent proceeding and the motion is treated as a petition in an independent proceeding [*Mahan v. Mahan*, 239 Mo.App. 317, 319, 192 S.W.2d 626, 627[2] (1946)] that must state a claim upon which relief can be granted. *Engler v. Engler*, 455 S.W.2d 36, 37–38[1] (Mo.App.1970). An essential prerequisite to the modification of a divorce decree is notice to the party adversely affected, and a modification without proper notice is, of course, a violation of due process. Mo.Const. art. 1, § 10; *Greene v. Greene*, 368 S.W.2d 426, 428[3] (Mo.1963). The power to review and alter a prior custody order is dependent not only upon the

giving of proper notice, but also upon proper application being made [Rule 55.26(a); C_____ C_____ v. J_____ A_____ C_____, 499 S.W.2d 809, 812 (Mo.App.1973)], and an order purporting to rule on a motion to modify without a hearing at which evidence is adduced is in excess of the court's jurisdiction. *In re Lipschitz,* 466 S.W.2d 183, 185[4] (Mo.App.1971).

We are of the opinion the three orders of the Circuit Court of Jackson County were ineffective and void insofar as they undertook to modify the decree of divorce or any former decree of modification awarding the custody of the children to defendant Dorothy Vokolek. There is nothing to show that proper notice had ever been given the mother on any motion made by the plaintiff. But disregarding the matter of notice because the presence or absence thereof is not shown by the petition or orders, it is evident that the October 31 and November 14 orders were not made during a hearing or a trial and were made "On oral motion" of the plaintiff in disregard of the mandatory requirements of Rule 55.26(a) that "An application to the court for an order *shall* be by motion which . . . *shall* be made in writing, *shall* state with particularity the grounds therefor, and *shall* set forth the relief or order sought." (Our emphasis). The orders were given without proper application being made. Neither of the first two orders issued following a hearing at which evidence was adduced and were made, therefore, in excess of the court's jurisdiction. *In re Lipschitz,* supra, 466 S.W.2d at 185[4]. Moreover, the order of October 31 does not purport to modify a prior decree or order so as to place the children in plaintiff's lawful custody—it simply undertakes to give plaintiff temporary custody as the court's pseudo-posse comitatus to bring the children into court on the morrow "for further inquiry into the circumstances of their present custodial situation." It did not purport to deal with permanent custody or to modify any previous decree or order with reference to permanent custody. *Foster v. Foster,* 300 S.W.2d 857, 869 (Mo.App.1957). "A thing is void which was done against the law at the very time of the doing it, and no person is bound by such act." Lord Bacon, as quoted in *Tudor v. Tudor,* 80 Vt. 220, 67 A. 539, 130 Am.St.Rep. 977 (1907). Consequently, the court's undertaking in its December 20 order to make permanent what it had done on October 31, could not breathe life or legality into that void order, and, at best, could only make permanent that which was already void.

As plaintiff's petition did not plead facts showing his lawful entitlement to the custody of his daughters at the time the averred tort was committed, he did not plead facts upon which relief could be granted for the alleged enticing away or harboring of the children against his will.

The judgment nisi is affirmed.

All concur.