Judith C. MEIKLE, Appellant,

v.

James T. VAN BIBER and E. Maxine
Van Biber, Respondents.

No. WD 39403.

Missouri Court of Appeals,
Western District.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied
March 15, 1988.

James W. Fletcher, Jeans, Bellman &
Fletcher, Kansas City, for appellant.

Michael W. Manners, Paden, Welch, Martin & Albano P.C., Independence, for respondents.

Before CLARK, P.J., and TURNAGE
and MANFORD, JJ.

CLARK, Presiding Judge.

Appellant sued respondents in damages alleging emotional distress and general debility suffered on account of the willful, malicious and intentional interference by respondents with appellant's parental rights to custody of her son, John. The trial court sustained respondents' motion to dismiss on the ground that the petition failed to state a cause of action. We agree that no cause upon which relief could be granted was alleged, and therefore affirm.

The facts of the case applicable to this review allow appellant's petition its broadest intendment, all facts alleged are treated as true, allegations are construed favorably to appellant and the ultimate determination is whether the averments invoke principles of substantive law. *Shapiro v. Columbia Union National Bank and Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). So reviewed, the salient facts are as follow.

Respondents, are the natural parents of appellant and the maternal grandparents of appellant's son, John A. Lindmark, Jr., hereafter John.[1] Appellant lives in Lee's Summit and respondents live in Independence, both in Jackson County. Appellant has legal custody of John, apparently in consequence of a dissolution of marriage decree. During a period of time, not otherwise specified, respondents have interfered with appellant's parental and custodial rights concerning John in that they have encouraged the boy not to live with appellant, they have assisted John to accomplish a separation from appellant by providing a residence for him in their home and they have undertaken to supervise and control John without appellant's consent. Respon-

---

1. Although not alleged in the petition, it appears from the parties' briefs that John is at this time a student at Oklahoma State University and is over the age of 17 but less than 21 years of age.

dents have refused to return John to appellant or to cause him to return and in consequence, appellant's right to custody has been nullified. The prayer of the petition is a recovery in money damages to compensate appellant for her mental distress. Notably, the petition sought no relief in restoration of custody or enforcement of conditions associated with appellant's parental rights.

Respondents moved to dismiss the petition on the basis that the stated claim was for the alienation of affections of a child, a cause of action not recognized in Missouri. *Hester v. Barnett*, 723 S.W.2d 544 (Mo. App.1987). The trial court agreed. Appellant contends on appeal that the dismissal was in error because the allegations of the petition state a cause of action "for intereference [sic] with appellants lawful rights to the custody of her minor child and/or 'prima facie tort' and/or the intentional infliction of emotional distress."

Appellant contends at the outset that the allegations of her petition do not plead a cause of action for alienation of affections and that *Hester* is inapplicable. Implicit in this argument is the assumption that in this case, actionable conduct by respondents may be shown if the pleading avoids any mention of filial estrangement. Loss of John's affection for appellant is, under appellant's theory of the case, irrelevant. This approach to a definition of appellant's legal theory apparently considers the obvious loss of John's affection for his mother as effect rather than cause and therefore not the means by which respondents acted in contravention of appellant's parental rights. The question then is whether a cause of action is recognized where intervention by a third party disrupts the parent child relationship by means other than alienation of the child's affections. We can consider the possibility here only in a theoretical framework because appellant's petition does not say how respondents brought about the separation of which appellant complains.

The principal case upon which appellant relies is *Kramer v. Leineweber*, 642 S.W.2d 364 (Mo.App.1982). The facts of *Kramer* are instructive in explaining the result. Plaintiff Carol Kramer was married to William Leineweber, the son of Grace Leineweber. The Kramers separated and their child, Wendie, went to live with Carol's stepmother in Arizona. Carol filed a petition for divorce in Montana and William returned to Missouri to live with his mother. Later, William and his mother appeared at the home where Wendie was living and forceably abducted the child, assaulting Carol in the process. The divorce proceeded in Montana and Carol was granted custody of Wendie. Carol received a similar order in Missouri in a custody proceeding and unsuccessfully attempted to enforce her rights by habeas corpus. Throughout, William and his mother concealed the child's whereabouts and, as of the date the damage suit was tried, Carol had not been able to locate her daughter. The opinion by the Southern District affirmed an award of damages to Carol against her mother-in-law, Grace Leineweber. The facts of the case, showing as they did an abduction of a young child, distinguish the case as one not based on separation of parent and child through alienation of the child's affections. *Kramer* and *Hester* are therefore not in conflict if the *Kramer* opinion be limited to cases where separation of the child is by force and not by persuasion. Unfortunately, however, *Kramer*, 642 S.W.2d at 366, includes the statement that a tort action against one who deprives a parent of a child has long been recognized in Missouri. The statement is overbroad.

To support the assertion that the tort of depriving a parent of a child is a traditionally recognized claim in Missouri, *Kramer* cites *Kipper v. Vokolek*, 546 S.W.2d 521 (Mo.App.1977), the **Restatement (Second) of Torts** § 700 (1976) and cases from California and Michigan. The cited **Restatement** section reads:

**Causing Minor Child to Leave or not to Return Home.**

One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has

left him, is subject to liability to the parent.

*Kramer* does not cite, however, the preceding § 699 of the **Restatement** which reads:

**Alienation of Affections of Minor or Adult Child.**

One who, without more, alienates from its parent the affections of a child, whether a minor or of full age, is not liable to the child's parent.

It may therefore be concluded that under *Hester* and the **Restatement**, the actionable tort in issue must be predicated on proof of acts other than the mere persuasion of a child to transfer its affection from its parent. The element present in *Kramer* rendering that opinion consistent with *Hester* and the **Restatement** was proof of the abduction and forcible restraint of the child. If alienation of the child's affections was an ultimate consequence, such was a result not germane to establishing the tort.

The cited case of *Kipper v. Vokolek, supra,* is also not supportive of the generalized statement in *Kramer* that one who deprives a parent of a child commits a tort recognized in Missouri. In *Kipper,* the suit was between divorced parents and asserted a claim by one against the other for deprivation of rights to visitation and temporary custody. The complainant father, according to the court's interpretation of orders in the divorce action, was not vested with custody of the children, but only entitled to rights of visitation. Referring to § 700 of the **Restatement,** the court concluded that the subject tort is actionable as between parents of the child only when the parent not granted custody entices the child away from the parent who was granted sole custody. *Kipper,* 546 S.W.2d at 525. Kipper's action against Vokolek, his former wife, and her current husband, stated no cause of action in tort because the divorce decree had awarded sole custody of the children to Mrs. Vokolek. Although some other recourse may be available to the non-custodial spouse where visitation is denied by the other parent, elements of the tort of enticement cannot be shown as against a parent awarded sole custody.

*Kipper* cites the early case of *Arnold v. St. Louis & S.F.R. Co.,* 100 Mo.App. 470, 74 S.W. 5 (1903), as illustrative of enticement cases brought by a parent against third parties. In *Arnold,* the plaintiff mother alleged that defendant railroad decoyed plaintiff's minor son to leave home with a promise of work in the Indian Territory. The claim was for actual damages resulting from loss of the son's services. The court reversed a judgment for plaintiff on the ground that no enticement was proved. The evidence merely showed that the son sought and was granted employment with his mother's approval.

Independent research has disclosed no other cases prior or subsequent to *Kramer* in which an award of damages based on the **Restatement** tort has been affirmed. More recently, the holding of *Kramer* was questioned in *Politte v. Politte,* 727 S.W.2d 198 (Mo.App.1987). The cause of action in *Politte* was similar to that asserted in *Kipper.* The claim for damages was by the husband against his former wife because of her refusal to abide by a decree granting the husband visitation with and temporary custody of the parties' children. The husband contended that *Kipper* should not be followed and that the more liberal rule purported to be announced in *Kramer* should apply, that is, a general recognition of the **Restatement** tort in all cases where a minor child is either compelled or induced to violate a provision respecting its custody.

The *Politte* court questioned the need to recognize at all the tort claim set out in § 700 of the **Restatement,** first because a tort seeking to vindicate the rights of a custodial parent by an award of damages does not necessarily advance the best interests of the child. *Politte,* 727 S.W.2d at 200. Second, the court noted that other avenues of relief are usually available, including habeas corpus, contempt, criminal sanctions and civil action under the Uniform Child Custody Jurisdiction Acts. *Id.* at 201. The court denied the plaintiff in *Politte* a forum to seek damages and elected to follow *Kipper.*

In summary, Missouri case law has only allowed recovery in damages for interfer-

ence with a parent's right to custody of a minor child where it was alleged and proved that the tort committed was accomplished by abduction of the child. This is not to say that an actionable tort may not be committed, as alluded to in *Arnold*, by conduct calculated to induce a child of sufficient maturity to leave the home of its custodial parent. The enticement by the party against whom complaint is made may not, however, be practiced by alienating the affection of the child for its parent, else the cause fails under *Hester*. What remains as a cause potentially viable under Missouri law is the separation of child from parent by inducement unrelated to and leaving intact the affectionate relationship previously existing between the child and its parent. Such cases, it may be assumed, will be rare and should be evaluated on particular facts when presented.

Returning to the present case, the petition alleges only that respondents "abetted, assisted, encouraged, supported, * * * exhorted and inticed [sic] the separation of the Plaintiff from her said minor son * * *." Also according to the petition, respondents have provided a home in which John has lived, they have paid his school expenses and supervised his conduct. The relationship between respondents and John of grandparents and grandson leads inevitably to the inference that John has transferred his affection from his mother to respondents and in consequence, has chosen to make his home with respondents and not with his mother. Although appellant denies this is the nature of her claim, she suggests no other inference to be drawn from the facts alleged. Moreover, in the face of respondents' motion in the trial court to dismiss the petition as within the proscription of *Hester* as a claim for alienation of affections, appellant sought no leave to amend the petition to allege otherwise and filed no suggestions indicating any other basis for the claim.

■ The application of the **Restatement (Second) of Torts** § 700 to identify actionable conduct in Missouri regarding interference in the relationship of parent and child is, as demonstrated by the cases discussed above, in a narrow field. A petitioning plaintiff must therefore plead facts to bring himself within the restricted area where the theory of recovery may be utilized. Appellant here did not do so but elected to stand only upon general allegations most susceptible of construction as a claim for alienation of affections. The trial court correctly ruled that a cause of action on this account will not lie.

■ Appellant next contends the cause of action may be maintained, even though for alienation of affections, as a case in prima facie tort. Cited is the familiar case of *Porter v. Crawford & Co.*, 611 S.W.2d 265 (Mo.App.1980). Appellant agrees that no suggestion of a claim in prima facie tort appears as such in the petition nor does the petition allege any of the elements necessary to a cause of action in prima facie tort. To the contrary, the petition alleges respondents' conduct with respect to John was wrongful. By definition, a prima facie tort involves the commission of a lawful act by the defendant. *Id.* at 268. Appellant's contention that the petition states a cause of action in prima facie tort is rejected.

Finally, appellant says the claim may be pursued as one for intentional infliction of emotional distress. This argument proceeds from conclusion to premise, that by showing injury, some cause of action must be recognized. Recourse to this theory is attempted only in the face of rejection of appellant's case because the underlying claim of alienation of affections cannot be maintained. The emotional distress of which appellant complains is no more than the alleged consequence of the same acts which caused or aided in causing John to separate from appellant. We have already concluded that appellant's aggrievence on this account is not actionable. Subversion of that decision by resort to the guise of an action for emotional distress cannot be accepted. *Neighbors v. Kirksville College of Osteopathic Medicine*, 694 S.W.2d 822, 824 (Mo.App.1985).

■ In a final point, appellant claims the trial court erred in dismissing her petition with prejudice and in failing to provide appellant an opportunity to file an amended

petition. As was stated above, the record shows no request by appellant for leave to file an amended petition, either prior or subsequent to the entry sustaining respondents' motion to dismiss. The court is under no duty, sua sponte, to grant a party leave to amend. *Burr v. National Life & Accident Insurance Co.*, 667 S.W.2d 5, 7–8 (Mo.App.1984). The point is denied.

The judgment is affirmed.

All concur.