financial conditions of the parties was a material fact litigated and decided in *Busch* and is res judicata between these parties as of the date *Busch* was decided, September 8, 1989. *Welker v. Welker,* 680 S.W.2d 282, 284 (Mo.App.1984).

The hearing in the present case was held on December 19, 1989, some two months after the *Busch* decision. To suggest the financial positions of the parties significantly changed during that time defies practical logic. Moreover, it contradicts the record. On cross-examination, Mr. McAvoy stated that, at the time of the hearing below, the mother was not working and, to the best of his knowledge, she received, as income, about $3,000 since April, 1989.

The father also argues the attorneys are not entitled to recover more than the amount awarded by the Supreme Court because the result they reached in the case was "remarkably poor." The father cites *Murphy v. Grisham,* 625 S.W.2d 215, 217 (Mo.App.1981), for the proposition that the result produced is one factor to consider in determining the amount of a fee award. Under *Murphy,* however, the outcome is but one of the factors to be considered. *Id.* The trial court must consider all the relevant factors and has broad discretion in awarding fees. *Id.; Bray v. Bray,* 629 S.W.2d 658 (Mo.App.1982). Nothing in *Murphy* suggests a "poor result" by itself precludes a fee award, and nothing in the present record nor in the father's brief persuades us we should so hold.

For the foregoing reasons we reverse the judgment of the trial court and remand this cause to it to make a fee award, if any, consistent with the record before it, in accord with this opinion and supported by appropriate Findings of Fact and Conclusions of Law.

SMITH, P.J., concurs.

CARL R. GAERTNER, J., concurs in separate concurring opinion.

CARL R. GAERTNER, Judge, concurring.

I concur but write separately to emphasize that the remand of this case is for the limited purpose of reviewing the existing record and distinguishing between the lawyers' time and effort attributable solely to this case and that attributable to the dismissed actions and the Habeas Case. The identity of issues pervading all of the cases renders mere reference to the date on which the work was performed an imperfect standard by which to measure attribution to one case or another. Rather, the key to entitlement to an award of attorneys fees in this case is a showing that what was done, the substance of the work, was reasonable and necessary in this case and not duplicative or utilized in one of the other cases. For example, legal research, factual investigation and witness interviews pertaining to the issue of custody, although performed before the filing of the Habeas Corpus Action, were pertinent to that action and compensation for that work has or should have been awarded by the Supreme Court. Conversely, the drafting of pleadings and procedural matters in the husband's paternity action are a proper subject of compensation in this case. If the evidence presented to the trial court, including the lawyer's time records which are not before us, fails to show such a distinction, mother and her attorneys have not met their burden of proving the work performed was reasonable and necessary for the prosecution of this case.

**R.J., Appellant,**

v.

**S.L.J., Respondent.**

No. 58675.

Missouri Court of Appeals, Eastern District, Division One.

April 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1991.

Application to Transfer Denied July 23, 1991.

R.J., pro se.

Susman, Schermer, Rimmel & Shifrin, Mark H. Kruger and Randall B. Kahn, St. Louis, for respondent.

KAROHL, Judge.

Father, R.J., appeals from an order which sustained mother's, S.L.J.'s, motion to strike and motion for summary judgment. R.J. instituted this action by filing a four count complaint against S.L.J. for prima facie tort, negligence, intentional infliction of emotional distress and alienation of affection. As the basis for each count, R.J. alleges S.L.J.'s actions caused injury to R.J. and damaged R.J.'s relationship with the parties' two minor children. R.J. alleges the trial court erred in striking his causes of action because the former adjudication of the equitable action of dissolution of marriage does not give rise to a claim of res judicata in an action at law on a different claim and therefore, genuine issues of material fact exist. We affirm.

■ The answer to this appeal is articulated in *Meikle v. Van Biber*, 745 S.W.2d 714 (Mo.App.1987). Therein, the Western District of this court held, in order to be actionable, the tort of alienation of affection of a minor or adult child "must be predicated on proof of acts other than mere persuasion of a child to transfer its affection from its parent." *Id.* at 716. The court also held an action may not be maintained in prima facie tort where the petition alleges defendant's conduct with respect to the child was wrongful. *Id.* at 717. Further, the action for intentional infliction of emotional distress cannot be maintained where the underlying claim for alienation of affection is not actionable and the emotional distress is the alleged consequence of the same acts which caused the children to separate from the parent. *Id.* We find the court was correct as a matter of law in dismissing claims of alienation of affection, prima facie tort, and intentional infliction of emotional distress.

■ R.J.'s action for negligence was properly dismissed because it wrongly assumes a legal duty not to alienate the children's affection. Mother was not so obligated. Of course, there is a moral duty and the welfare of the children may not be ignored. Nor do we excuse unjustified acts to cause a loss of affection between

**610**

parent and child. However, the refusal to allow the claim of a parent against a third person for the alienation of affections of a child "rests on concern that such a recovery would render the child a hostage in family disputes." *Hester v. Barnett*, 723 S.W.2d 544, 555 (Mo.App.1987).

"We review summary judgment in a manner equivalent to review of a court tried proceeding and if, as a matter of law, judgment is sustainable on any theory, it must be sustained." *Sales Service, Inc., v. Daewoo Int'l Corp.*, 770 S.W.2d 453, 458 (Mo.App.1989). Accordingly, we hold S.L.J. was entitled to summary judgment as a matter of law and affirm the judgment of the trial court.

In view of our disposition of this appeal, all motions filed in this court by both parties are denied as moot.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.

UTLEY LUMBER COMPANY, a Corporation, Plaintiff–Respondent,

v.

BANK OF THE BOOTHEEL, a Banking Corporation, Defendant–Appellant.

No. 17118.

Missouri Court of Appeals, Southern District, Division One.

May 1, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 22, 1991.

Application to Transfer Denied July 23, 1991.

